[Cite as *Van Wert v. Akron Metro. Regional Transit Auth.*, 2015-Ohio-3243.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| THOMAS VAN WERT, ET AL. | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiffs-Appellants | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2014CA00201 |
| | : | |
| AKRON METROPOLITAN REGIONAL | : | |
| TRANSIT AUTHORITY, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Stark County Court of
                                 Common Pleas, Case No.
                                 2014CV00475


JUDGMENT:                        AFFIRMED


DATE OF JUDGMENT ENTRY:          August 10, 2015


APPEARANCES:

For Plaintiffs-Appellants:          For Defendants-Appellees:

WARNER MENDENHALL                ROBERT B. DAANE
190 N. Union St., Suite 201      JOHN A. MURPHY, JR.
Akron, OH 44304                  KRISTEN S. MOORE
                                 P.O. Box 24213
                                 Canton, OH 44701-4213

                                 WILLIAM B. BENSON
                                 DALE D. COOK
                                 2 Miranova Place, Suite 700
                                 Columbus, OH 43215-5098

*Delaney, J.*

{¶1} Plaintiff-Appellant Thomas Van Wert, Individually and as the Executor of the Estate of Wiladine June Gilbert Van Wert appeals the October 10, 2014 judgment entry of the Stark County Court of Common Pleas.

**FACTS AND PROCEDURAL HISTORY**

{¶2} The underlying facts of this appeal involve a collision between an automobile driven by Wiladine June Gilbert Van Wert ("Decedent") and a train on Portage Street in North Canton, Ohio on July 13, 2012. Decedent was killed when she drove her vehicle through the rail crossing into the path of an oncoming train.

{¶3} Plaintiff-Appellant Thomas Van Wert, Individually and as the Executor of the Estate of Wiladine June Gilbert Van Wert filed a complaint in the Stark County Court of Common Pleas on June 14, 2013 alleging Defendants-Appellees Cuyahoga Valley Preservation and Scenic Railway Association dba Cuyahoga Valley Scenic Railroad, Mark C. Perri, Dennis M. Matlosz (hereinafter referred to as "CVSR"), and Akron Metropolitan Regional Transit Authority (hereinafter referred to as "AMRTA") were jointly and severally liable for negligently causing the death of Decedent. Appellees filed answers denying the allegations contained in Van Wert's complaint.

{¶4} On August 12, 2013, CVSR served its First Combined Set of Interrogatories, Request for Production of Documents, and Requests for Admissions upon Van Wert. Van Wert did not respond to CVSR's discovery requests. CVSR filed a motion for summary judgment on November 7, 2013 and AMRTA filed a motion for summary judgment on November 8, 2015. The trial court set November 25, 2013 as the

deadline for Van Wert's response to the motions for summary judgment. Van Wert filed a Notice of Dismissal without prejudice on November 25, 2013.

{¶5} Van Wert refiled his complaint on February 21, 2014.

{¶6} CVSR and AMRTA filed answers to the complaint. On March 25, 2014, CVSR served First Combined Set of Interrogatories, Request for Production of Documents, and Requests for Admissions upon Van Wert.

{¶7} CVSR filed its motion for summary judgment on April 24, 2014. In its motion for summary judgment, CVSR relied in part on Van Wert's failure to timely respond to the Request for Admissions in the 2013 case. CVSR argued Van Wert's admissions in the 2013 case were binding in the refiled 2014 case. CVSR also provided the affidavit of Christopher Olson, an eyewitness to the accident on July 13, 2012. CVSR argued Van Wert's admissions and the affidavit of the eyewitness demonstrated CVSR was entitled to judgment as a matter of law on Van Wert's complaint.

{¶8} AMRTA filed its motion for summary judgment on April 25, 2014. It also argued that Van Wert's failure to respond to the Requests for Admissions in the 2013 case were binding in the 2014 case. AMRTA argued the admissions established there was no genuine issue of material fact to be litigated.

{¶9} The trial court filed a briefing schedule on April 29, 2014. Van Wert's responses to the motions for summary judgment were due on May 12, 2014. The replies were due on May 22, 2014. A case management schedule was filed on April 30, 2014. The discovery cut-off date was October 13, 2014.

{¶10} Van Wert filed a motion for extension of time to respond to the motions for summary judgment. His counsel was in trial and required an extension until May 20,

2014. On May 20, 2014, the trial court granted Van Wert an extension to respond to the motions for summary judgment until May 27, 2014. Replies were due on June 6, 2014.

{¶11} On May 27, 2014, Van Wert filed a motion for additional time pursuant to Civ.R. 56(F) to respond to CVSR's motion for summary judgment. Van Wert requested additional time to take the deposition of Christopher Olson.

{¶12} Also on May 27, 2014, Van Wert filed a response to AMRTA's motion for summary judgment. In his response, he stated, "AMRTA's Motion for Summary Judgment is based on admissions which Plaintiff has requested to withdraw and amend contemporaneously with this Response." Van Wert argued the amended admissions would establish genuine issues of material fact for trial.

{¶13} Van Wert served discovery requests upon AMRTA and CVSR on August 6, 2014.

{¶14} On August 7, 2014, Van Wert filed a motion requesting additional time to disclose experts and conduct discovery. The trial court denied the motion on August 12, 2014.

{¶15} On October 10, 2014, the trial court denied Van Wert's Civ.R. 56(F) motion for additional time. In the same judgment entry, the trial court granted summary judgment in favor of CVSR and AMRTA finding they were entitled to judgment as a matter of law based on the admissions in the 2013 case.

{¶16} It is from this judgment Van Wert now appeals.

**ASSIGNMENT OF ERROR**

{¶17} Van Wert raises one Assignment of Error:

{¶18} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND DENIED PLAINTIFFS' DUE PROCESS BY OVERRULING PLAINTIFFS' 56(F) MOTION FOR ADDITIONAL TIME TO RESPOND TO A MOTION FOR SUMMARY JUDGMENT WITHOUT ALLOWING A RESPONSE."

**ANALYSIS**

{¶19} Van Wert argues in his sole Assignment of Error that the trial court erred when it refused to allow him additional time to conduct discovery and respond CVSR's motion for summary judgment pursuant to Civ.R. 56(F). Van Wert does not raise as an Assignment of Error that the trial court erred in granting summary judgment in favor of CVSR and/or AMRTA.

***Civ.R. 56(F)***

{¶20} Civ.R. 56(F) provides:

(F) When affidavits unavailable

Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶21} Civ.R. 56(F) provides the remedy for a party who seeks a continuance on a motion for summary judgment in order to conduct discovery relevant to the motion.

*Jacobs v. Jones,* 10th Dist. Franklin No. 10AP–930, 2011–Ohio–3313, ¶ 58 citing *Hahn v. Groveport,* 10th Dist. Franklin No. 07AP–27, 2007–Ohio–5559, ¶ 30, citing *Gates Mills Invest. Co. v. Pepper Pike*, 59 Ohio App.2d 155, 168, 392 N.E.2d 1316 (8th Dist.1978). Just as this Court reviews the resolution of discovery matters under an abuse of discretion standard, the decision whether to grant a motion for extension of time in order to conduct further discovery lies within the broad discretion of the trial court and will be reversed on appeal only for an abuse of discretion. *McCord v. Ron Laymon Trucking Co.,* 5th Dist. Knox No. 04CA000033, 2005–Ohio–4399, ¶ 14. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶22} Civ.R. 56(F) requires a party opposing summary judgment to submit affidavits with sufficient reasons stating why he cannot present by affidavit facts sufficient to justify its opposition. "Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment. There must be a factual basis stated and the reasons given why it cannot present facts essential to its opposition of the motion." *McCord, supra* at ¶ 15 citing *Gates Mills Invest. Co., supra.*

{¶23} A trial court does not abuse its discretion in denying a request for a continuance in order to respond to a motion for summary judgment where the party seeking the continuance "did not sustain [its] burden of demonstrating that a continuance was warranted for further discovery." *Gates Mills Invest. Co., supra.*

{¶24} On May 27, 2014, Van Wert filed his motion for additional time to respond to CVSR's motion for summary judgment pursuant to Civ.R. 56(F). In the motion, Van Wert stated that CVSR's motion for summary judgment was supported in part by Christopher Olson and he intended to depose Olson. Counsel for Van Wert attached his affidavit to the Civ.R. 56(F) motion. He averred:

4. Defendants are relying in part on an Affidavit of Christopher Olson to support their Motion for Summary Judgment.

5. I believe that, on behalf of my clients, that I need to conduct depositions of Christopher Olson among others to properly respond to the Motion for Summary Judgment.

6. I anticipate completing said discovery within the Court's deadline of 10-13-2014.

7. By conducting this discovery, I anticipate that a genuine issue of material fact will be created concerning the exceed speed of the train, the failure of the crossing gate arm, the failure of the train to blow its whistle at the crossing.

{¶25} On August 7, 2014, Van Wert filed a motion for extension of time to complete discovery beyond the October 13, 2014 discovery deadline set in the case management order. The trial court denied the motion on August 12, 2014.

{¶26} On October 10, 2014, the trial court overruled Van Wert's motion for extension to respond to CVSR's motion for summary judgment pursuant to Civ.R. 56(F).

{¶27} Based on the procedural history of this case, we find no abuse of discretion by the trial court when it denied Van Wert's Civ.R. 56(F) motion. The trial

court did not immediately rule on Van Wert's Civ.R. 56(F) motion filed on May 27, 2014. The trial court did not rule on the Civ.R. 56(F) motion until October 10, 2014. October 10, 2014 was three days before the discovery deadline. From May 27, 2014 to October 10, 2014, Van Wert had four months and thirteen days to complete the deposition of Christopher Olson and to respond to CVSR's motion for summary judgment.

{¶28} Procedural due process demands that a trial court allow a non-moving party time for a fair opportunity to respond before ruling on a motion for summary judgment. *Hooten v. Safe Auto Ins. Co.,* 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, ¶ 40. The procedural history of this case shows that Van Wert was given a fair opportunity to conduct discovery and respond to the motion for summary judgment before the trial court ruled on the motion for summary judgment.

{¶29} Van Wert's sole Assignment of Error is overruled.

## CONCLUSION

{¶30} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Farmer, J., concur.