[Cite as *Gromek v. Lepisto*, 2015-Ohio-4133.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| BARBARA L. GROMEK, et al., | : | **MEMORANDUM OPINION** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 2015-L-099** |
| AIMEE S. LEPISTO, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Painesville Municipal Court, Case No. 15 CVG 01126.

Judgment: Appeal dismissed.

*Barbara L. Gromek* and *Joseph A. Gromek*, pro se, 7584 Hopkins Road, Mentor, OH 44060 (Plaintiffs-Appellees).

*Aimee S. Lepisto*, pro se, 529½ Independence Street, Fairport Harbor, OH 44077 (Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1}    On September 4, 2015, appellant, Aimee S. Lepisto, filed a pro se notice of appeal from an August 27, 2015 judgment entry of the Painesville Municipal Court.

{¶2}    The docket in this matter reveals that appellees, Barbara L. Gromek and Joseph A. Gromek, filed a forcible entry and detainer action against appellant. In the August 27, 2015 entry, the trial court granted restitution of the premises to appellees. On September 4, 2015, appellant filed a motion to stay the execution of the writ, which the trial court granted provided that appellant post a bond in the amount of $1,500. Appellant failed to post the required bond, and the trial court issued a writ of restitution. Appellant was removed from the premises on September 14, 2015.

{¶3} A forcible entry and detainer action decides the right to immediate possession of property and nothing else. *Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.*, 67 Ohio St. 2d 19, 25, fn. 11 (1981). Accordingly, once the tenant has vacated the premises and the landlord regains possession of the leased premises, the merits of an action in forcible entry and detainer are rendered moot because no further type of relief can be granted in favor of the landlord. *See Fast Prop. Solutions, Inc. v. Jurczenko*, 11th Dist. Lake No. 2010-L-024, 2010-Ohio-5933, ¶ 3.

{¶4} "Further, 'when a plaintiff is successful and defendant does not obtain a stay preventing its ouster and the return of the premises to the plaintiff (***) the issues are rendered moot.' * * * A defendant appealing a judgment of forcible entry and detainer may overcome a ruling of mootness by obtaining a stay of execution and/or posting a supersedeas bond. * * * However, if a defendant fails to obtain a stay of execution and/or post a supersedeas bond, all issues relating to forcible entry and detainer are rendered moot. * * *" *Goldstein v. Patel*, 9th Dist. Lorain Nos. 02CA008183 and 02CA008199, 2003-Ohio-4386, at ¶ 4.

{¶5} Here, although appellant did seek a stay of execution from the trial court, she failed to post the required bond. Because appellant did not perfect a stay of the writ of restitution, it was executed on, causing her ouster from the premises. Thus, her appeal of the forcible entry and detainer action is rendered moot.

{¶6} For the foregoing reasons, this appeal is hereby dismissed.

{¶7} Appeal dismissed.

DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.