[Cite as *Rex v. Rex*, 2016-Ohio-5788.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |     |                                  |
|--------------------------|-----|----------------------------------|
|                          |     | JUDGES:                          |
| THOMAS REX               | :   | Hon. John W. Wise, P.J.          |
|                          | :   | Hon. Patricia A. Delaney, J.     |
| Plaintiff-Appellant      | :   | Hon. Craig R. Baldwin, J.        |
|                          | :   |                                  |
| -vs-                     | :   |                                  |
|                          | :   | Case No. 2016 CA 00088           |
| COLLEEN REX              | :   |                                  |
|                          | :   |                                  |
| Defendant-Appellee       | :   | O P I N I O N                    |

CHARACTER OF PROCEEDING:  Civil Appeal from the Court of Common
                 Pleas, Probate Division, Case No. 223709

JUDGMENT:         Affirmed

DATE OF JUDGMENT ENTRY:  September 12, 2016

APPEARANCES:

For Plaintiff-Appellant       For Defendant-Appellee

JEFFRY V. SERRA        DAVID L. HERBERT
THE FERRUCCIO LAW FIRM    KRISTINE W. BEARD
301 Cleveland Avenue, NW    DAVID L. HERBERT & ASSOCIATES
Canton, Ohio  44702       4450 Belden Village Street, NW
                Suite 703
BRIAN LAYMAN         Canton, Ohio  44718
LAYMAN, D'ATRI & ASSOCIATES LLC
301 First Merit Building
4481 Munson Street, NW
Canton, Ohio  44718

*Wise, P.J.*

**{¶1}** Appellant Thomas Rex appeals the November 2, 2015, decision of Stark County Probate Court granting Appellee Colleen Rex's Motion for Summary Judgment and the April 1, 2016, Judgment Entry awarding attorney fees to Appellee Colleen Rex.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** The undisputed facts of the case are as follows:

**{¶3}** On October 13, 1997, Dominick T. Rex and Colleen E. Rex, husband and wife, executed a trust document known as The Rex Family Revocable Intervivos Trust ("Trust"). The Trust identified Dominick T. Rex and Colleen Rex as Settlors and Trustees of the Trust.

**{¶4}** On October 23, 1997, Dominick Rex executed a Quit-Claim Deed transferring certain real estate located at 219 Sycamore Drive NW, North Canton, Ohio, 44720 into the Trust. No other property of any kind or description was ever placed into Trust.

**{¶5}** Article II of the Trust, set forth the purpose of the Trust:

… The purpose of this Trust shall be to hold, manage and control property, both real and personal and whether tangible or intangible for the exclusive benefit and use of Dominick T. Rex and Colleen Rex, who are hereinafter referred to collectively as "Beneficiaries."

**{¶6}** Article III of the Trust established the Rights Reserved by the Creators of the Trust, and states in pertinent part:

The Settlors reserve the following rights:

***

2. To revoke, modify, amend, or terminate this Trust at any time, in whole or in part, by a written instrument signed by both settlers and delivered to the Trustee during their lifetime. Upon revocation of the Trust in its entirety, the Trustee shall pay or transfer the entire trust estate as directed in the instrument of revocation.

\*\*\*

During the lifetime of the Settlors, and while both have not been adjudicated incompetent by judicial proceedings, the within reserved rights shall be exercised jointly by and with mutual consent of both Settlors. Upon the death or judicially adjudicated incompetence of one Settlor, then the within reserved rights shall be exercised individually by the then living and competent Settlor.

{¶7}    Article V of the Trust provides for the Disposition of the Trust Estate Upon the Death of Either or Both Settlors, and states:

Upon the death of Dominick T. Rex, Colleen Rex shall have the right to reside in the trust real property so long as she so desires. At such time as Colleen Rex no longer resides at the trust real estate property, said real property shall be sold and the proceeds dispersed as follows: 60% of the net proceeds to Colleen Rex; and 40% of the net proceeds to Ricardo F. Rex, or his issue per stirpes. Upon the death of both Settlors, the Trustee shall distribute all the remaining assets of the Trust to Ricardo F. Rex, or his issue per stirpes.

{¶8}    On December 16, 1999, Dominick Rex and Colleen Rex executed the  First Amendment to the Rex Family Revocable Trust, which amended Article VI [sic] Disposition of the Trust Estate Upon the Death of Either or Both Settlors as follows:

Upon the death of either Dominick T. Rex or Colleen Rex, the surviving beneficiary shall have the use and enjoyment of all real and personal property for such purposes as the Trustee, in his absolute discretion, sees fit.

Upon the death of the surviving beneficiary, this trust shall terminate and the Trustee is directed to transfer all right title and interest in and to all trust assets, to the issue of the Settlors per stirpes and absolutely, provided that if any beneficiary hereunder shall then be a minor, the Trustee shall hold the trust assets in trust until such beneficiary attains the age of twenty-one years.

{¶9}    All other provisions of the Trust remained unchanged.

{¶10}   On May 26, 2005, the Trust was again amended. The Second Amendment to the Rex Family Revocable Intervivos Trust amended Article V, Disposition of the Trust Estate Upon the Death of Either or Both Settlors, as follows:

Upon the death of Dominick T. Rex, the Trustee shall distribute all his items of personal property as follows:

1.  All guns and gun accessories, the Lynx and Lion's head to Thomas Rex and Frederick Rex, or the survivor of them, in equal shares.[1]

---

[1] This property was never placed in the Trust prior to Dominick T. Rex's death on May 6, 2013. Despite the fact that the property was never placed in the Trust, Colleen E. Rex

2. Colleen E. Rex shall have the choice of any remaining items from the contents of the trust real property to be retained by her as her own, including but not limited to all automobiles, motorcycles and tractors.

3. After Colleen E. Rex has chosen the items from the contents of the trust real property to be retained by her, then the trustee shall sell all remaining contents of the trust real property.

Upon the death of Dominick T. Rex, Colleen E. Rex shall have the right to reside in the trust real property so long as she so desires or until her death. At such time as Colleen E. Rex no longer resides at the trust real property for any reason, the trustee shall sell said real property. With the proceeds from the sale of the trust real property, the Trustee shall distribute the sum of Five Thousand Dollars ($5000.00) each to Eric Rex and Jamie Ferretti, the grandchildren of Dominick T. Rex. The Trustee shall purchase a condominium with the remaining proceeds from the sale of the trust real property for the benefit of Colleen E. Rex until her death. At the death of Colleen E. Rex, the Trustee shall transfer the condominium to Thomas Rex and Frederick Rex, in equal shares and in fee simple absolute. Should Thomas Rex predecease Dominick T. Rex, then his share shall be distributed equally between his two children, Kelly Berzito and Thomas Rex, Jr. Should Frederick Rex predecease Dominick T. Rex, then his share shall be distributed to his son, Frederick Rex, III. Should Colleen E. Rex require

---

gave the forgoing personal property and more to Thomas Rex and Fredrick Rex after Dominick Rex's death in May, 2013.

nursing home care, then the Trustee shall sell the condominium and the net proceeds from the sale shall be used for her care.

*        *        *

**{¶11}** The Second amendment also amended Article VII as follows:

1.  Successor Trustee

Upon the death, resignation, or judicial adjudication of incompetence of either Dominick T. Rex or Colleen E. Rex, then we designate and appoint the other, as Successor Trustee with all rights, powers and immunities as herein granted to the original Trustee.

**{¶12}** Dominick T. Rex died on May 6, 2013.

**{¶13}** On May 1, 2014, just before one year had elapsed from the date of Dominick Rex's death, Colleen E. Rex, citing Article III, Paragraph 3 of the Trust which provided "[u]pon the death … of one Settlor, then the within reserved rights shall be exercised individually by the then living and competent Settlor," executed a Third Amendment to the Trust, revoking both the First Amendment and Second Amendments, and amending Article V of the Trust as follows:

ARTICLE V

DISPOSITION OF THE TRUST ESTATE UPON THE DEATH OF
EITHER SETTLOR

Upon the death of either Settlor, the Trustee shall distribute all remaining assets in trust to the then Surviving Settlor. At such time as the Trustee has distributed all remaining assets in trust to the then Surviving Settlor, the trust shall terminate.

{¶14} On May 19, 2014, Defendant Colleen Rex executed an Affidavit of Successor Trustee in which she set forth certain facts for the public record regarding the Rex Family Revocable Intervivos Trust, including the fact that Dominick T. Rex no longer served as Trustee due to death, that the name and address of all current serving trustees was Colleen Rex, and that the Trust held title to the real property located on Sycamore Drive in North Canton, Ohio.

{¶15} On May 20, 2014, Colleen Rex executed a Survivorship Deed transferring ownership of the Sycamore Drive property to Philip and Rachael Chiarappa.

{¶16} On June 10, 2015, Appellant Thomas Rex filed a Complaint with the Stark County Probate Court seeking a determination as to whether Appellant was a beneficiary under the Rex Trust and/or whether Appellee Colleen Rex had the right to terminate the Rex Trust after Dominick Rex's death.

{¶17} In response to the Appellant's Complaint, Appellee filed an Answer and then on July 13, 2015, filed for Summary Judgment with supporting affidavits.

{¶18} On July 27, 2015, Appellant filed his response to Defendant's Motion for Summary Judgment.

{¶19} On August 7, 2015, Appellee filed a Reply.

{¶20} On October 15, 2015, a non-oral hearing was held on the summary judgment motion.

{¶21} By Judgment Entry filed November 2, 2015, the Stark County Probate Court granted Appellee's Motion, holding:

> Upon Dominick T. Rex's death, Defendant Colleen Rex thus had the authority under the terms of the Trust to terminate the Trust at any time. The

Court therefore finds that the Defendant's Motion for Summary Judgment is well-taken, and the Motion is granted. The Court finds that the Defendants are entitled to the costs of this action, including reasonable attorney fees. R.C. §5810.04.

**{¶22}** The trial court then set a hearing on Appellee's request for attorney's fees and costs.

**{¶23}** Prior to the Probate Court's determination of the amount due to the Appellee, Appellant then filed an appeal to this Court. As the Probate Court order as appealed by Appellant was not a final appealable order; that appeal was dismissed.

**{¶24}** On December 2, 2015, an evidentiary hearing was held on the award of attorney fees.

**{¶25}** By Judgment Entry filed April 1, 2016, the Probate Court ordered the award of attorney's fees and costs in the sum of $8,939.08.

**{¶26}** Plaintiff-Appellant now appeals both Judgment Entries, raising the following Assignments of Error for review:

### ASSIGNMENTS OF ERROR

**{¶27}** "I. THE PROBATE COURT ERRED BY FAILING TO APPLY R.C. §5806.02(B)(2) TO DETERMINE WHETHER THE APPELLEE HAD THE RIGHT TO TERMINATE THE REX TRUST AFTER THE DEATH OF DOMINICK REX.

**{¶28}** "II. THE PROBATE COURT ERRED IN GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

**{¶29}** "III. THE PROBATE COURT ERRED IN FINDING THE APPELLEE IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES AND COSTS, PURSUANT TO R.C. §5810.04."

**I., II.**

**{¶30}** We shall address Appellant's First and Second Assignments of Error simultaneously as we find they are closely related and raise similar issues. In his first assignment of error, Appellant argues that the trial court erred by failing to apply R.C. §5806.02(B)(2) in its determination that Appellee had the right to terminate the trust following Dominick Rex's death. In his second assignment of error, Appellant argues that the trial court erred in granting summary judgment in favor of Appellee. We disagree.

"Summary Judgment Standard"

**{¶31}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) provides, in pertinent part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds

can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.

**{¶32}** Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

**{¶33}** Appellant herein maintains that the Probate Court erred in failing to apply R.C. §5806.02(B)(2) in its ultimate decision that Appellee has the right to terminate the Rex Trust.

**{¶34}** R.C. §5806.02, revocation or amendment of trust, provides:

(A) Unless the terms of a trust expressly provide that the trust is irrevocable, the settlor may revoke or amend the trust. This division does not apply to a trust created under an instrument executed before January 1, 2007.

(B) If a revocable trust is created or funded by more than one settlor, all of the following apply:

(1) To the extent the trust consists of community property, either spouse acting alone may revoke the trust, but the trust may be amended only by joint action of both spouses.

(2) To the extent the trust consists of property other than community property, each settlor may revoke or amend the trust with regard to the portion of the trust property attributable to that settlor's contribution.

(3) Upon the revocation or amendment of the trust by less than all of the settlors, the trustee shall promptly notify the other settlors of the revocation or amendment."

**{¶35}** Initially, we note that the original trust in this matter was executed on October 13, 1997, ten years before the effective date of the above statute. Even the Second Amendment to the Trust, signed on May 26, 2005, which is the basis for Appellant's claims, was executed two years before the effective date of R.C. §5806.02.

**{¶36}** Further, we find that pursuant to R.C. §5801.04, the terms of a Trust document take precedence over any other provision as set forth in R.C. §5806.02.

**{¶37}** R.C. §5801.04, Scope, mandatory rules, exceptions (Trust), provides:

(A) Except as otherwise provided in the terms of the trust, Chapters 5801. to 5811. of the Revised Code govern the duties and powers of a trustee, relations among trustees, and the rights and interests of a beneficiary.

(B) The terms of a trust prevail over any provision of Chapters 5801. to 5811. of the Revised Code except the following:

*** 

**{¶38}**  The settlor, by a term of the trust instrument, may reserve to himself, or grant to another the power to modify or alter the trust. *Huntington Trust Co. v. Kear,* 4th Dist. Ross No. 1643, 1991 WL 62185, citing Bogert, Trusts & Trustees (2d.Ed. Rev. 1983) 230, Sec. 993. Further, if a power to amend or modify the terms of a trust is subject to no restrictions, it includes a power to revoke or terminate the trust. *Kear, supra* at *3, citing, Restatement of the Law 2d, Trusts (1959) 145 Sec. 331; cf., also IV Scott on Trusts (4Ed. 1989) 385, Sec. 331.2. If the settlor retains a restricted power to revoke or amend during his life, the revocation or amendment is valid only if it takes effect before the death of the settlor. *Wesbanco v. Blair,* 2nd Dist., 971 N.E.2d 420, 2012-Ohio-2337, ¶15, citing *First Natl. Bank of Cincinnati v. Oppenheimer* (P.C. 1963), 190 N.E.2d 70, 73-74.

**{¶39}**  As stated by the Probate Court, the Trust states that "[w]e have delivered to the Trustees our initial contribution to this Trust."  That contribution was the real estate and was the only asset ever delivered or transferred to the Trust.  The use of the pronouns "we" and "our" indicate that such property was jointly owned by the Settlors.

**{¶40}**  The Trust also stated that the purpose of such, as set forth in Article II, was to hold, manage and control Trust property for the exclusive benefit and use of Dominick T. Rex and Colleen Rex.  Neither Article II or the purpose of the Trust was ever amended.

**{¶41}**  Finally, as set forth above, Article III of the Trust, which established Rights Reserved by the Creators of the Trust, stated, in pertinent part:

The Settlors reserve the following rights:

\*\*\*

2. To revoke, modify, amend, or terminate this Trust at any time, in whole or in part, by a written instrument signed by both settlers and delivered to the Trustee during their lifetime. Upon revocation of the Trust in its entirety, the Trustee shall pay or transfer the entire trust estate as directed in the instrument of revocation.

\*\*\*

During the lifetime of the Settlors, and while both have not been adjudicated incompetent by judicial proceedings, the within reserved rights shall be exercised jointly by and with mutual consent of both Settlors. Upon the death or judicially adjudicated incompetence of one Settlor, then the within reserved rights shall be exercised individually by the then living and competent Settlor.

**{¶42}** Based on the foregoing, we find that the Trust provisions are unambiguous, and that pursuant to the Trust, Colleen Rex, upon Dominick Rex's death, had the authority to terminate the Trust at any time.

**{¶43}** We therefore find that the trial court did not err in granting summary judgment in this matter.

**{¶44}** Appellant's First and Second Assignments or Error are overruled.

**III.**

**{¶45}** In his Third Assignment of Error, Appellant argues that the trial court erred in finding that Appellee was entitled to an award of attorney fees pursuant to R.C. §5810.04. We disagree.

**{¶46}** Specifically, Appellant herein argues that because the Probate Court found that he had no interest in the Trust, he cannot be ordered to pay attorney fees from his "interest in the Trust."

**{¶47}** Upon review, we find no support for Appellant's argument.

**{¶48}** When considering an award of attorney fees, Ohio follows the "American Rule," under which a prevailing party in a civil action may not generally recover attorney fees. *Wilborn v. Bank One Corp.,* 121 Ohio St.3d 546, 2009–Ohio–306, 906 N.E.2d 396, ¶ 7. However, attorney fees may be awarded when a statute or an enforceable contract specifically provides for an award of attorney fees, or when the prevailing party demonstrates the losing party acted in bad faith. *Id.*

**{¶49}** In the case before us, attorney fees, as well as costs and expenses, were granted pursuant to R.C. §5810.04, which provides authority to award costs, expenses, and reasonable attorney fees in judicial proceedings involving the administration of a trust:

> In a judicial proceeding involving the administration of a trust, including a trust that contains a spendthrift provision, the court, as justice and equity may require, may award costs, expenses, and reasonable attorney's fees to any party, to be paid by another party, from the trust that is the subject of the controversy, or from a party's interest in the trust that is the subject of the controversy.

**{¶50}** The official comment to R.C. §5810.04 states in relevant part:

> This section, which is based on Massachusetts General Laws chapter 215, § 45, codifies the court's historic authority to award costs and

fees, including reasonable attorney's fees, in judicial proceedings grounded in equity. The court may award a party its own fees and costs from the trust. *The court may also charge a party's costs and fees against another party to the litigation*. Generally, litigation expenses were at common law chargeable against another party only in the case of egregious conduct such as bad faith or fraud. With respect to a party's own fees, Section 709 authorizes a trustee to recover expenditures properly incurred in the administration of the trust. (emphasis added).

**{¶51}** We review an award under R.C. §5810.04 for an abuse of discretion. *See Wills v. Kolis,* 8th Dist. Cuyahoga No. 93900, 2010–Ohio–4351, ¶52. An abuse of discretion implies a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶52}** Upon review, we find that the language of R.C. 5810.04, wherein it states [t]he court may also charge a party's costs and fees against another party to the litigation" supports the trial court's decision in this case.  We therefore find no abuse of discretion.

{¶53} Appellant's Third Assignment of Error is overruled.

{¶54} For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, Stark County, Ohio, is affirmed.

By Wise, P.J.,

Delaney, J., and

Baldwin, J., concur.

JWW/d 0822