[Cite as *Hmeidan v. Muheisen*, 2017-Ohio-7670.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| EDDIE HMEIDAN, ET AL | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiffs-Appellees | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2017CA00069 |
| HASAN MUHEISEN | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of
                             Common Pleas, Case No.2015CV02674

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      September 18, 2017

APPEARANCES:

For Plaintiffs-Appellees          For Defendant-Appellant

JOHN BOGGINS                      GREGORY RUFO
1428 Market Avenue North          101 Central Plaza S.
Canton, OH 44714                  600 Chase Tower
                                  Canton, OH  44702

*Gwin, P.J.*

{¶1}   Appellant appeals the April 10, 2017 judgment entry of the Stark County Court of Common Pleas.

*Facts & Procedural History*

{¶2}   Appellees Eddie and Mimi Hmeidan filed a forcible entry and detainer action against appellant Hasan Muheisen with regards to the commercial property located at 125 – 12th Street N.E. in Canton, Ohio.   Appellant filed counterclaims regarding the property for declaratory judgment, quiet title, breach of contract, specific performance, promissory estoppel, implied contract, and equitable lien.   Appellant also filed a motion to transfer the case to the common pleas court.   The trial court granted appellant's motion on December 23, 2015 and issued a judgment entry transferring the case to the Stark County Court of Common Pleas.   Appellees filed a reply to appellant's counterclaims.

{¶3}   Appellees filed a motion to file an amended complaint.   The trial court granted appellees' motion on January 22, 2016.   Appellant filed an answer to the amended complaint on February 22, 2016 and again asserted his counterclaims.

{¶4}   On September 23, 2016, appellees filed a motion for summary judgment. Attached to the motion for summary judgment was the affidavit of appellee Eddie Hmeidan.   In the affidavit, Eddie Hmeidan averred:   he and his wife Mimi are owners of the commercial real property located at 125 – 12th Street N.E. in Canton, Ohio, via a quitclaim deed filed on November 21, 2011; on November 10, 2011, he and Mimi entered into a lease/purchase agreement for the premises with appellant; under the terms of the agreement, appellant agreed to pay rent according to a schedule; appellant failed to pay rent for the month of May 2013, appellant paid only $1,000 per month for November 1,

2013 through October 31, 2014, when he was supposed to pay $1,500 per month, and appellant paid only $1,000 from November 1, 2014 to February 28, 2015, rather than the sum of $2,000 per month as required by the contract; appellant failed to pay any rent subsequent to February 28, 2015 and is in arrears in excess of $49,000; the contract provides that appellant shall be responsible for the payment of all delinquent real estate taxes and assessments, all current real estate taxes and assessments, and all future real estate taxes and assessments with respect to the premises; appellant has failed to pay real estate taxes and assessments, both delinquent and ongoing installments, and, as of December 31, 2015, taxes due, together with penalties and interest, is in excess of $21,576.32; on December 9, 2015, he served appellant with a 3-day notice to vacate the premises by posting the notice on the door of the property; and appellant remains in possession of the property.

{¶5} On October 7, 2016, appellant filed a motion for extension of time to respond to the motion for summary judgment due to the fact that appellant had filed bankruptcy. Appellees objected to the motion for extension of time. Appellees also filed a supplemental motion for summary judgment seeking to hold appellant personally liable for post-bankruptcy petition debt.

{¶6} On October 14, 2016, appellant filed an affidavit in support of his motion for extension of time to respond to appellees' motion for summary judgment. The affidavit of appellant asserted: the deal he negotiated with appellees is a financing arrangement and not a lease; Eddie Hmeidan and appellant negotiated the deal in Arabic on November 1, 2011, and entered into a contract handwritten in Arabic, which has been translated into English and is attached as Exhibit A; the property was transferred to appellees as

collateral for the loan agreement; he signed the lease purchase agreement, but because English is his second language, he was unable to read and understand that it may have been different from the agreement they previously wrote in Arabic; he made the periodic payments called for, and the amount of the payments were accepted by Eddie Hmeidan by agreement of the parties; Eddie Hmeidan abruptly stopped accepting payments in March 2015 without prior notice or explanation; he paid $250,000 to another company, not related to Hmeidan, to purchase the property, and Hmeidan did not pay anything; the value for the loan in the agreement was the removal of a judgment lien Hmeidan had against the house were appellant lives; and he needs additional time to conduct discovery and respond to the motion for summary judgment because of his ill health.

{¶7} Attached as "Exhibit A" to the affidavit is a copy of three notebook pages of paper. At the end of the three pages, it says, "Signed by Hasan Muheisen, Ahmad Hamdan, and Adel Hmeidan." The document also says, "Translator: Mohammed Nayet."

{¶8} On December 9, 2016, the trial court issued a judgment entry staying the case due to bankruptcy and stated it would not rule on any pending motions until the bankruptcy stayed was lifted. On January 31, 2017, the trustee in appellant's bankruptcy case filed a notice that she abandoned the property at 125 – 12th Street N.E. and that appellant's bankruptcy case was closed. The trial court returned the case to the active docket on February 2, 2017.

{¶9} On February 27, 2017, appellees filed a motion for consideration of their motion for summary judgment filed on September 23, 2016. The trial court issued a judgment entry on March 2, 2017 setting a briefing schedule on appellees' motion for summary judgment. The trial court ordered any response be filed on or before March 17,

2017 and any reply be filed on or before March 24, 2017. The trial court stated, "(n)o further continuances will be granted. Should any party wish for the Court to hold an oral hearing on this matter, it must be requested prior to March 17, 2017."

{¶10} Appellant filed an objection and response to the motion for summary judgment on March 20, 2017, and asked the trial court to permit appellant to conduct discovery. Appellant also asserted the motion for summary judgment should be denied based upon his October 2016 affidavit. However, the affidavit was not attached to appellant's response and objection to the motion for summary judgment. Appellees filed a reply to appellant's response on March 21, 2017. Appellees argued appellant was not entitled to a continuance of more than eight days unless a bond was posted pursuant to R.C. 1923.08. Further, that appellant had provided no admissible evidence to contradict the evidence provided by appellees in their motion for summary judgment.

{¶11} On March 28, 2017, appellant filed a, "Refiling of Affidavit in Support of Response to Summary Judgment Motion." Appellant re-submitted his affidavit that was filed on October 14, 2016 in support of his motion for extension of time to respond to the motion for summary judgment.

{¶12} The trial court issued a judgment entry granting appellees' motion for summary judgment on April 10, 2017. The trial court found appellant failed to make numerous rent payments as provided for in the lease agreement and failed to pay real estate taxes and assessments as provided for in the lease agreement. The trial court found appellant in default of the agreement. The trial court stated it considered the only evidence before it, the affidavit of Eddie Hmeidan, which states appellant has not paid rent or installments payments under the agreement since February 28, 2015 and states

payments were sporadic and inadequate for some period prior to ceasing altogether. The trial court stated the "purported agreement in Arabic cannot properly be considered." The trial court granted appellees summary judgment and ordered a writ of restitution so appellees could regain possession of the property. The trial court also found the lease/purchase agreement void and cancelled.

{¶13} On April 26, 2017, the trial court transferred the writ of restitution to the Canton Municipal Court for execution. Appellant filed a motion to stay pending appeal on May 1, 2017. On May 3, 2017, the trial court issued a judgment entry staying the case pending appeal and ordered any monies due under the lease purchase agreement be deposited into an escrow account at the Stark County Clerk of Courts. The trial court modified its entry granting stay on May 11, 2017 and ordered appellant to post bond in the amount of $22,000. On May 16, 2017, the trial court issued a judgment entry and ordered appellant to post the $22,000 bond on or before June 2, 2017.

{¶14} Appellees filed a motion to remove stay pending appeal on June 5, 2017 and argued the stay should be removed because appellant failed to post the $22,000 bond. On June 14, 2017, the trial court issued a judgment entry removing and rendering void the stay pending appeal for appellant's failure to comply with the trial court's May 16, 2017 order which required appellant to post bond in the amount of $22,000 on or before June 2, 2017. On June 30, 2017, a Canton Municipal Court judge ordered a writ of restitution for the property. The writ of restitution was issued on July 5, 2017. A forcible eviction was set for July 14, 2017. A Canton Municipal Court bailiff filed a return of writ, indicating he served the writ on July 14, 2017, but the occupants had moved.

{¶15} Appellant appeals the April 10, 2017 judgment entry of the Stark County Court of Common Pleas, and assigns the following as error:

{¶16} "I. THE TRIAL COURT FAILED TO CONSIDER THE AFFIDAVIT OF DEFENDANT, HASAN M. MUHEISEN FILED ON MARCH 28, 2017, AND/OR TO PERMIT DISCOVERY OF EVIDENCE RELEVANT TO THE MOTION FOR SUMMARY JUDGMENT.

{¶17} "II. THE TRIAL COURT FAILED TO CONSIDER DEFENDANT'S COUNTERCLAIM THAT THE DOCUMENTS CREATED AN EQUITABLE MORTGAGE."

*Summary Judgment Standard*

{¶18} Civil Rule 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be

rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**{¶19}** A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Indus. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

**{¶20}** When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

**{¶21}** The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but

instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

I.

**{¶22}** In his first assignment of error, appellant contends the trial court erred in failing to consider his affidavit filed on March 28, 2017 and/or to permit discovery of evidence relevant to the motion for summary judgment.

*Mootness*

**{¶23}** Appellees first contend appellant's argument is moot because appellees have executed upon the writ of restitution. Appellant argues his counterclaims make his assignment of error not moot.

**{¶24}** "A forcible entry and detainer action decides the right to immediate possession of property and nothing else." *Miami Valley Housing v. Jackson*, 2nd Dist. Montgomery No. 25020, 2012-Ohio-5103. When a tenant has vacated the premises and the landlord has again taken possession, the merits of such action are generally rendered moot. *Id.* The only method by which a defendant appealing a judgment of forcible entry and detainer may prevent the cause from becoming moot is stated in R.C. 1923.14. The statute provides a means by which the defendant may maintain, or even recover, possession of the disputed premises during the course of his appeal by filing a timely notice of appeal, seeking a stay of execution, and posting a supersedeas bond. If the defendant fails to avail himself of this remedy, all issues relating to the action are rendered moot by his eviction from the premises. *Id.*; *Hussain v. Sheppard*, 10th Dist. Franklin No. 14AP-686, 2015-Ohio-657; *Valente v. Johnson*, 4th Dist. Athens Nos. 06CA31, 06CA38, 2007-Ohio-2664.

**{¶25}** Though appellant requested a stay of the trial court's order, appellant failed to comply with the trial court's order granting the stay which required appellant to post bond in the amount of $22,000 on or before June 2, 2017. Thus, on June 14, 2017, the trial court issued a judgment entry removing and rendering void the stay pending appeal for appellant's failure to post bond. On June 30, 2017, the Canton Municipal Court ordered a writ of restitution for the premises. The writ of restitution was issued on July 5, 2017. The writ was served on July 14, 2017, and the return from the bailiff stated the occupants had moved. Here, appellant did seek a stay of execution, but failed to perfect the stay by posting the required bond.

**{¶26}** Because he did not perfect a stay of the writ of restitution, the writ of restitution was executed. Thus, there is a strong argument appellant's first assignment of error is moot because it deals only with the forcible entry and detainer action, not appellant's counterclaims. *Gromek v. Lepisto*, 11th Dist. Lake No. 2015-L-099, 2015-Ohio-4133; *Cherry v. Morgan*, 2nd Dist. Clark No. 2012 CA 11, 2012 CA 21, 2012-Ohio-3594; *Hussain v. Sheppard*, 10th Dist. Franklin No. 14AP-686, 2015-Ohio-657; *Valente v. Johnson*, 4th Dist. Athens Nos. 06CA31, 06CA38, 2007-Ohio-2664. Even though the doctrine of mootness may apply, we will address the merits of the case due to the counterclaims.

*Affidavit and Accompanying Documents*

**{¶27}** Appellant argues the trial court erred in not considering his affidavit, which disputes the non-payment of rent and taxes and also details a purported agreement the parties had in Arabic. We disagree.

**{¶28}** First, appellant's affidavit and accompanying exhibits were not timely filed within the deadlines set by the trial court for the consideration of the motion for summary judgment. On March 2, 2017, the trial court set a briefing schedule on appellees' motion for summary judgment. The trial court ordered any response filed by appellant on or before March 17, 2017, and appellee's reply filed on or before March 24, 2017. The trial court also stated if either party wanted it to hold an oral hearing, it must request an oral hearing prior to March 17, 2017.

**{¶29}** Appellant filed his response after the March 17th deadline. While appellant asserted in this response that the motion for summary judgment should be denied based upon his affidavit, the affidavit was not attached to appellant's response. On March 28, 2017, again after the deadline for appellant's response to the motion for summary judgment, appellant filed a "Refiling of Affidavit in Support of Response to Summary Judgment Motion." Appellant re-submitted his affidavit that was filed on October 14, 2016 in support of his motion for extension of time to respond to the motion for summary judgment.

**{¶30}** We find the trial court did not err in not considering appellant's affidavit and attached documents. Appellant failed to show cause as to why his response and/or affidavit was filed late. *Bank of New York Mellon v. Brubaker*, 5th Dist. Fairfield No. 15-CA-38, 2016-Ohio-2785; *Barnett v. Carquest Auto Parks of Whitehall*, 10th Dist. Franklin No. 98AP-372, 1998 WL 869673 (Dec. 8, 1998). As this Court has stated, "procedural due process demands that a trial court allows a non-moving party time for a fair opportunity to respond before ruling on a motion for summary judgment." *Van Wert v. Akron Metro. Regional Transit Auth.*, 5th Dist. Stark No. 2014CA00201, 2015-Ohio-3243.

Here, appellant was given a full and fair opportunity to respond to the motion for summary judgment before the trial court ruled, as the trial court set a briefing schedule giving appellant fifteen days to respond to the motion and request an oral hearing.

**{¶31}** Appellant contends the trial court should have considered his affidavit regarding an agreement the parties made in Arabic and "Exhibit A" to his affidavit, purported to be an English translation of an alleged Arabic agreement between appellees and appellant.  At the end of Exhibit A it says, "Translator: Mohammed Nayet."  There is no affidavit by "Mohammed Nayet" as to the truth and accuracy of the translation and it was not notarized by anyone, including "Mohammed Nayet."  The statements contained in the document are statements of "Mohammed Nayet" and constitute inadmissible hearsay.  *Whitt v. Wolfinger,* 4th Dist. Ross No. 14CA3455, 2015-Ohio-2726; *Rex v. Rex*, 5th Dist. Stark No. 2016 CA 00088, 2016-Ohio-5788.

**{¶32}** Further, documents referred to in an affidavit must be attached and must be sworn or certified copies.  "Verification of these documents is generally satisfied by an appropriate averment in the affidavit, for example, that such copies are true copies and reproductions." *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 423 N.E.2d 105 (1981).  Exhibit A attached to appellant's affidavit is a copy of pages handwritten on notebook paper.  In his affidavit, appellant states, "Mr. Hmeidan and I negotiated our deal in Arabic, and entered into a contract handwritten in Arabic, which has been translated into English and is attached as Exhibit A; I am called "Hasan" in the agreement and Mr. Hmeidan is called "Adel."  Appellant did not aver Exhibit A is a true and accurate copy or reproduction.  Accordingly, Exhibit A is not proper Civil Rule 56 evidence.  See *Bajurczak v. Estate of Bajurczak*, 139 Ohio App.3d 78, 742 N.E.2d 1191 (9th Dist. 2000).

*Continuance to Conduct Discovery*

**{¶33}** Appellant also contends the trial court erred in failing to permit discovery of evidence relevant to the motion for summary judgment. We disagree. Pursuant to R.C. 1923.08, in a forcible entry and detainer action, "no continuance in an action * * * shall be granted for a period longer than eight days, unless * * * the defendant applies for a continuance and gives a bond to the plaintiff * * *." In this case, appellant did not post a bond.

**{¶34}** Further, the decision whether to grant a motion for extension of time in order to conduct further discovery lies within the broad discretion of the trial court and will be reversed on appeal only for an abuse of discretion. *Van Wert v. Akron Metro. Regional Transit Auth.*, 5th Dist. Stark No. 2014CA00201, 2015-Ohio-3243. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶35}** Civil Rule 56(F) requires a party opposing summary judgment to submit affidavits with sufficient reasons stating why he cannot present by affidavit facts sufficient to justify its opposition. "Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment." *Van Wert v. Akron Metro. Regional Transit Auth.*, 5th Dist. Stark No. 2014CA00201, 2015-Ohio-3243. There must be a factual basis stated and the reasons given why it cannot present facts essential to its opposition of the motion. *Id.*

**{¶36}** In his untimely response to the motion for summary judgment, appellant requested the trial court permit him to conduct discovery, but did not attach an affidavit to his response pursuant to Civil Rule 56(F). In the affidavit of appellant he filed on March 27, 2017, after his response deadline had passed, appellant avers in his affidavit that he, "had heart bypass surgery performed on August 22, 2016, and am scheduled for bladder surgery on October 20, 2016, and because of my ill health, I need additional time to assist my lawyer in conducting discovery and responding to any motion for judgment." Appellant does not set forth any reason why he could not present by affidavit facts sufficient to justify his opposition in March of 2017. Accordingly, the trial court did not abuse its discretion in denying appellant's motion to continue and/or permit discovery.

*Integration Clause*

**{¶37}** Additionally, we find the trial court did not err in its granting of summary judgment due to the integration clause contained in the lease purchase agreement. It is a well-settled principle of contract law that the parties' intentions be ascertained from the contract language. *Jackson v. Stocker Dev. Ltd.*, 5th Dist. Tuscarawas No. 2008 AP 034 0029, 2008-Ohio-5337, citing *Inland Refuse Transfer Co v. Browning-Ferris Indus.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). If a contract is clear and unambiguous, then its interpretation is a matter of law and there are no issues of fact to be determined. *Id.* A court cannot in effect create a new contract "by finding an intent not expressed in the clear language employed by the parties." *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 374 N.E.2d 146 (1978). The Ohio Supreme Court has held, "when two parties have made a contract and have expressed it in writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parole or

otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing." *Ed Schory & Sons, Inc. v. Son Nat'l Bank*, 75 Ohio St.3d 433, 662 N.E.2d 1074 (1996).

**{¶38}** This Court has consistently upheld the validity of properly drafted integration clauses in contract, as has the Ohio Supreme Court. *Jackson v. Stocker Dev. Ltd*., 5th Dist. Tuscarawas No. 2008 AP 034 0029, 2008-Ohio-5337 (holding the integration clause on the real estate purchase agreement controls); *Developers Diversified Realty Corp. v. Cicchini*, 5th Dist. Stark No. 1996CA00007 (holding representations prior to the agreement will not be considered due to the integration clause); *Tippel v. R.C. Miller Refuse Service, Inc.*, 5th Dist. Stark No. 1999CA00244, 2000 WL 222166 (Feb. 14, 2000) (stating the integration clause precludes consideration of parole evidence); *Layne v. Progressive Preferred Ins. Co.*, 5th Dist. Stark Nos. 2002CA00327, 2002CA00335, 2003-Ohio-3575 (finding that, as a matter of law, the written agreement's integration clause nullified the alleged oral settlement between the parties); *Ed Schory & Sons, Inc. v. Son Nat'l Bank*, 75 Ohio St.3d 433, 662 N.E.2d 1074 (1996); *Aultman Hospital Assn v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 544 N.E.2d 920 (1989) (stating when an agreement is integrated into an unambiguous contract, intentions that are not expressed in the writing are "deemed to have no existence").

**{¶39}** In this case, we find the lease purchase agreement is unambiguous. The first paragraph of the agreement states the parties to the agreement are appellees ("Sellers") and appellant ("Purchaser"). The lease purchase agreement was dated November 10, 2011 and executed November 10, 2011 in the presence of a notary. The lease purchase agreement provides, "[t]his agreement constitutes the whole agreement

between the parties. There are no terms, obligations, covenants, or conditions other than contained herein. No modification or verification thereof shall be deemed valid unless evidenced by an agreement in writing." In appellant's answer and counterclaim, he states that, "on or about November 1, 2011, Plaintiffs and Defendant entered into a contract handwritten in Arabic, whereby the said Plaintiffs would acquire title on behalf of the Defendant, so that the Defendant could purchase that certain real estate * * *." Accordingly, the purported Arabic agreement that was entered into prior to the November 10, 2011 lease purchase agreement and the statements contained in appellant's affidavit that contradict the terms of the November 10, 2011 lease purchase agreement are parole evidence of an antecedent understanding that this Court is precluded from considering as a matter of law. Thus, the trial court's grant of summary judgment was not erroneous.

{¶40} For the foregoing reasons, we overrule appellant's first assignment of error.

II.

{¶41} In his second assignment of error, appellant contends that, pursuant to the documents set forth in his affidavit and accompanying documents, the agreement between appellant and appellees constitute a financing agreement/equitable mortgage and the trial court erred in failing to consider this argument. Appellant cites *Wilson v. Giddings*, 28 Ohio St.554 (1876) in support of his argument. We disagree with appellant.

{¶42} For the reasons stated in our first assignment of error, the trial court did not err in not considering appellant's affidavit and the alleged Arabic agreement.

{¶43} Further, in this case, the intent of the parties is spelled out in the contract. When confronted with an issue of contract interpretation, our role is to give effect to the intent of the parties. *McDonald v. Canton Medical Education Foundation, Inc.*, 5th Dist.

Stark No. 2012CA00240, 2013-Ohio-3659.  We presume the intent of the parties is reflected in the language of the contract and we will look the plain and ordinary meaning of the language used in the contract unless another meaning is clearly apparent from the contents of the agreement.  *Id.*

**{¶44}**  On the first page of the lease purchase agreement, payment of rent was expressly made a consideration for the lease and right to purchase, as it provides, "in consideration of the rental payments and all the agreements contained herein, Seller hereby agrees to lease and sell, and Purchaser agrees to lease and purchase that certain premises located at 125 12th Street NE, Canton, Ohio, 44704."  Payment of the rent was mandatory pursuant to the agreement, as the contract states, "Purchaser shall pay as rent for the property * * *."  Additionally, pursuant to paragraph 11 of the lease purchase agreement, "Purchaser shall be responsible for the payment of all delinquent real estate taxes and assessments, all current real estate taxes and assessments, and all future real estate taxes and assessments with respect to the Premises."  The default provision of the lease purchase agreement specifically provides, "If Purchaser fails to perform any of the covenants provided in this Agreement, including, but not limited to payment of rent and said default continues for a period of six months, Seller may * * * declare the lease ended and enter into possession of the Premises."

**{¶45}**  Thus, pursuant to the plain and ordinary meaning of the language used in the contract, appellant had the option to purchase the premises and have any payments made under the lease applied to the purchase so long as he was not in default of the agreement, which required the payment of rent and real estate taxes by appellant.  The language in the document is unambiguous as to the intent of the parties and the intention

of the parties is clearly stated in the document.  As noted by the 10th District in *GLIC Real Estate Holdings, LLC v. Bicentennial Plaza Ltd.*, 10th Dist. Franklin No. 11AP-474, 2012-Ohio-2269, there is no Ohio case that extends the principle of *Wilson*, the case cited by appellant in support of his argument, to leasehold interests.  The Tenth District further stated, "fairness dictates that the contract language by enforced to carry out the intent of the business entities rather than extending the rule of *Wilson* in a case of first impression." *Id.*

**{¶46}**  Accordingly, appellant's second assignment of error is overruled.

**{¶47}**  Based on the foregoing, appellant's assignments of error are overruled. The April 10, 2017 judgment entry of the Stark County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, Earle, J., concur