[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 72.]

THE STATE EX REL. HAMANN, APPELLANT, *v.* OHIO DEPARTMENT OF
REHABILITATION AND CORRECTION, APPELLEE.

[Cite as *State ex rel. Hamann v. Ohio Dept. of Rehab. & Corr.*,
2002-Ohio-3528.]

*Mandamus sought to compel Ohio Department of Rehabilitation and Correction
to compute relator's sentence and parole eligibility date based upon a 15-
year aggregate minimum term of incarceration—R.C. 2929.41(E)(2)—
Court of appeals' denial of writ affirmed.*

(No. 2002-0134—Submitted June 4, 2002—Decided July 24, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 01AP-795.

_____

**Per Curiam.**

{¶1} On October 9, 1991, the Cuyahoga County Court of Common Pleas
convicted appellant, William A. Hamann, Jr., of 29 counts of theft and other counts
and sentenced him to an aggregate prison term of 84 to 120 years; this term included
a definite sentence of 42 years. The common pleas court's sentencing entry
concluded with the following language:

{¶2} "Total maximum term of incarceration of 84 years to 120 years & fines
of $150,000; pursuant to R.C. 2929.41(E) will be limited to aggregate minimum
term of 15 years to Lorain Correctional Institution; full restitution to all victims;
consecutive to CR-265744."

{¶3} On appeal, the Court of Appeals for Cuyahoga County modified the
minimum period of defendant's incarceration from 84 to 83 1/2 years and, as
modified, affirmed the judgment of the common pleas court. *State v. Hamann*
(1993), 90 Ohio App.3d 654, 667-668, 630 N.E.2d 384.

**{¶4}** In July 2001, Hamann filed a complaint in the Court of Appeals for Franklin County for a writ of mandamus to compel appellee, Ohio Department of Rehabilitation and Correction ("ODRC"), to carry out the common pleas court's October 9, 1991 judgment by computing Hamann's sentence and parole eligibility date based upon a 15-year aggregate minimum term of incarceration. ODRC moved for summary judgment and filed an affidavit of an ODRC employee establishing that Hamann's parole eligibility date is June 16, 2032. In December 2001, the court of appeals granted ODRC's motion and denied the writ.

**{¶5}** In his appeal as of right, Hamann asserts that the court of appeals erred in denying the writ. Hamann's assertion is meritless.

**{¶6}** The 15-year cap that former R.C. 2929.41(E)(2) imposed on the aggregate minimum term of consecutive indefinite sentences does not apply to definite sentences. 143 Ohio Laws, Part I, 1439-1440. *Yonkings v. Wilkinson* (1999), 86 Ohio St.3d 225, 228, 714 N.E.2d 394. Therefore, former R.C. 2929.41(E)(2) does not reduce Hamann's definite sentence.

**{¶7}** Moreover, the statutory cap in former R.C. 2929.41(E)(2) is self-executing, so no trial court entry was necessary. See, e.g.*, State v. Perkins* (1994), 93 Ohio App.3d 672, 683, 639 N.E.2d 833.

**{¶8}** Finally, it is presumed that the trial court applied the law correctly in its October 9, 1991 sentencing entry, and nothing in that entry persuades us that the trial court applied the 15-year cap of former R.C. 2929.41(E)(2) to the aggregate definite sentence given Hamann. See, e.g., *In re Watson* (1989), 47 Ohio St.3d 86, 91, 548 N.E.2d 210 ("we have noted that the trial court can be presumed to apply the law correctly, and there is no reason to believe otherwise in this case"). Hamann failed to rebut the presumption that his sentencing court correctly applied former R.C. 2929.41(E)(2) only to the minimum period of his aggregate indefinite sentence and not to his aggregate definite sentence.

{¶9} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

William A. Hamann, Jr., pro se.

Betty D. Montgomery, Attorney General, and Scott M. Campbell, Assistant Attorney General, for appellee.

_____