[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12 and this Judgment Entry shall not be considered on Opinion of the Court pursuant to S.Ct.R.Rep.Op.3(A).
Plaintiff-appellant Donald Duke served eight years of a seven-to-twenty-five-year sentence in the Ohio Department of Rehabilitation and Corrections ("ODRC"). He was released on parole on July 25, 1990. In 1991, the state of Ohio learned that Duke had been convicted of new crimes in Kentucky and had been sentenced to a definite prison term of fifty years in the Kentucky State Penitentiary ("KSP"). Accordingly, the state of Ohio declared Duke a parole violator and placed a detainer on him. Currently, Duke has served eleven years of his Kentucky sentence and is eligible for parole in 2005.
In a declaratory-judgment action, Duke sought to have defendant-appellee Reginald Wilkinson, the Director of the ODRC, remove his detainer and release him from his parole. Wilkinson moved for summary judgment. The trial court granted summary judgment in favor of Wilkinson, and Duke now appeals.
Duke asserts that former R.C. 2929.41(E)(2), which placed a minimum fifteen-year cap on consecutive sentences for felonies other than murder, operated to limit him to a fifteen-year term of imprisonment in Ohio. He argues that the eight years and four months he served in the ODRC and the eleven years he has served in the KSP amount to a total of 19.4 years, which is more than the minimum allowed in Ohio. Under these circumstances, Duke maintains that his detainer should have been removed and that his parole should have been terminated. We disagree.
In State ex rel. Hamann v. Ohio Dept. of Rehab. and Corr.,[1] the Ohio Supreme Court held that the former statutory 15-year cap on the aggregate minimum term of consecutive sentences only applied to indefinite sentences and not to definite sentences.[2] Here, the Kentucky sentence was a definite sentence. Thus, former R.C. 2929.41(E)(2) was not applicable in this instance. Accordingly, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.
[1] 96 Ohio St.3d 72, 2002-Ohio-3528, 771 N.E.2d 254.
[2] Id. at 72, 2002-Ohio-3528, at ¶ 6, citing Yonkings v.Wilkinson, 86 Ohio St.3d 225, 228, 1999-Ohio-98, 714 N.E.2d 394.