OPINION
{¶ 1} Plaintiff-appellant, Michael Lillie, appeals the decision of the Madison County Court of Common Pleas granting summary judgment to defendant-appellee, Diana Mathews, cashier for the Madison Correctional Institution. We affirm the common pleas court's decision.
 {¶ 2} In August 2002, appellant filed a complaint against Mathews, alleging that she denied him access to the courts. Appellant alleged that Mathews did not timely respond to his request for an affidavit of indigency, causing an appeal appellant was pursuing to be dismissed.
 {¶ 3} In November 2002, Mathews moved for summary judgment. Appellant filed a memorandum in opposition to Mathews' motion. The common pleas court granted Mathews' motion. Appellant appealed that decision to this court, assigning two errors. In these assignments of error, appellant argues that the common pleas court erred in granting summary judgment because disputed issues of material fact exist.
 {¶ 4} An appellate court's review of a summary judgment motion is de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336. To succeed on a Civ.R. 56(C) motion for summary judgment, the movant must demonstrate that: "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." Civ.R. 56(C); Zivich v. Mentor Soccer Club, Inc., 82 Ohio St.3d 367, 369-70,1998-Ohio-389.
 {¶ 5} Appellant's complaint alleged that Mathews denied him access to the courts. For appellant to succeed on such a claim, he has to show that Mathews' inaction hindered his efforts to pursue a viable legal claim. See Lewis v. Casey (1996), 518 U.S. 343, 351-53, 116 S.Ct. 2174. In other words, appellant has to show "actual injury," or prejudice, as a result of Mathews' inaction. See id.
 {¶ 6} The appeal that appellant claims he was unable to pursue related to a prison sentence he received in 1991. In September 1991, the Summit County Court of Common Pleas sentenced appellant to a mandatory term of three years for a firearm specification, consecutive to a 15 to 25-year sentence for rape, consecutive to an eight to 15-year sentence for attempted rape, concurrent to a three to five-year sentence for possessing a weapon while under disability.
 {¶ 7} At the time of appellant's sentencing, R.C. 2929.41(E) provided as follows:
 {¶ 8} "Consecutive terms of imprisonment imposed shall not exceed:
 {¶ 9} "* * *
 {¶ 10} "(2) An aggregate minimum term of fifteen years, plus the sum of all three-year terms of actual incarceration * * * and the sum of all six-year terms of actual incarceration * * *, when the consecutive terms imposed are for felonies other than aggravated murder or murder[.]"
 {¶ 11} Accordingly, pursuant to that statute, appellant was entitled to receive a aggregate minimum sentence of 15 years, plus the three-year mandatory term for the firearm specification.
 {¶ 12} In January 2002, appellant filed a motion in Summit County Common Pleas Court for a modification of his sentence pursuant to R.C.2929.41. Appellant claimed that he was entitled to an aggregate minimum sentence of 15 years (not including the mandatory three-year term for the firearm specification). In its motion in opposition, the state argued that appellant automatically received an aggregate minimum sentence of 15 years pursuant to the statute, and that no action was necessary by the court. The Summit County Common Pleas Court denied appellant's motion. Appellant's appeal to the Ninth District Court of Appeals was dismissed because appellant failed to timely file an affidavit of indigency.
 {¶ 13} R.C. 2929.41, which pertains to aggregate minimum sentences, is self-executing. State ex rel. Hamann v. Ohio Dept. ofRehab. Corr., 96 Ohio St.3d 72, 2002-Ohio-3528, at ¶ 7. No trial court entry is necessary. Id. Accordingly, pursuant to R.C. 2929.41, appellant automatically received the 15-year aggregate minimum sentence he sought. An affidavit in the record from the Ohio Department of Rehabilitation and Corrections confirms that appellant's aggregate minimum sentence is 15 years.
 {¶ 14} Based on the above law, appellant has failed to show "actual injury" in this case. Even if Mathews failed to timely deliver the affidavit of indigency, as appellant alleges, appellant cannot show prejudice. No trial court action was necessary for appellant to receive a 15-year aggregate minimum sentence because R.C. 2929.41 is self-executing. Hamann, at ¶ 7.
 {¶ 15} Accordingly, the trial court properly granted summary judgment to Mathews. Appellant's assignments of error are overruled.
Judgment affirmed.
VALEN, P.J., and YOUNG, J., concur.