The State ex rel. Mora, Appellant, v. Wilkinson, Dir., et al., Appellees.

[Cite as *State ex rel. Mora v. Wilkinson,*
105 Ohio St.3d 272, 2005-Ohio-1509.]

(No. 2004–1331—Submitted March 9, 2005—Decided April 13, 2005.)

**Per Curiam.**

{¶ 1} In May 1990, a Wayne County jury convicted appellant, Juan Mora, a.k.a. Dan Mora, of three counts of rape, four counts of felonious sexual penetration, nine counts of gross sexual imposition, and three counts of corruption of a minor. The Wayne County Court of Common Pleas sentenced Mora to 10 to 25 years on each of the rape and felonious-sexual-penetration convictions and 2 years on each of the gross-sexual-imposition and corruption-of-a-minor convictions. The order specified that the sentences were to be served consecutively, for an aggregate prison term of 94 to 175 years. The common pleas court noted that, by law, Mora's minimum prison term of 94 years was reduced to 15 years.

{¶ 2} On October 5, 1990, the common pleas court issued a nunc pro tunc order deleting the language that had reduced Mora's aggregate minimum sentence to 15 years and replacing it with the following language: "The twelve consecutive 2–year definite sentences * * * of 24 years shall be consecutive to the indefinite terms of 15 to 175 years * * *."

{¶ 3} On appeal, the Court of Appeals for Wayne County reversed the common pleas court's nunc pro tunc entry, reinstated the original aggregate minimum sentence of 15 years, and otherwise affirmed Mora's conviction and sentence. *State v. Mora* (Mar. 6, 1991), Wayne App. No. 2579, 1991 WL 35145, appeal not accepted for review (1991), 61 Ohio St.3d 1419, 574 N.E.2d 1090. The court of appeals reasoned that the 15–year limitation on aggregate minimum prison terms set forth in former R.C. 2929.41(E), S.B. No. 51, 142 Ohio Laws, Part I, 1875, 1886, applied to all consecutive terms imposed, whether for definite or indefinite terms, or for combinations thereof. Id.

{¶ 4} On October 8, 1998, the common pleas court issued an entry reducing Mora's aggregate minimum term of imprisonment to 15 years based on the court of appeals' 1991 judgment.

{¶ 5} In August 1999, we held that former R.C. 2929.41(E)(2) did not apply to *definite* sentences; in other words, the 15–year limitation applied only to the aggregate minimum term of *indefinite* sentences. *Yonkings v. Wilkinson* (1999), 86 Ohio St.3d 225, 226–228, 714 N.E.2d 394; *State ex rel. Hamann v. Ohio Dept. of Rehab. & Corr.*, 96 Ohio St.3d 72, 2002-Ohio-3528, 771 N.E.2d 254, ¶ 6.

{¶ 6} In October 2002, Mora filed a complaint for declaratory judgment and injunctive relief in the common pleas court. Mora claimed that appellee Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), and the chief legal counsel for ODRC had failed to comply with former R.C. 2929.41(E)(2) and the court of appeals and common pleas court orders to reduce his aggregate minimum prison term to 15 years. Mora requested "a declaratory judgment that the [ODRC] comply with the mandates issued by the Ninth District Court of Appeals and the Wayne County Court of Common Pleas and for them to correct their records to reflect the correct and original sentence imposed." In November 2002, the defendants moved for summary judgment based on *Yonkings*. On January 3, 2003, the common pleas court granted summary judgment to the defendants and denied the relief requested by Mora.

{¶ 7} Instead of appealing from the common pleas court judgment, in October 2003, Mora filed a petition in the court of appeals for a writ of mandamus to compel appellees, Wilkinson and various other ODRC employees, to comply with the 1991 court of appeals order and the 1998 common pleas court order and reduce his aggregate minimum term of imprisonment to 15 years. Appellees answered the petition and subsequently moved for summary judgment based on res judicata. Appellees claimed that the common pleas court's January 3, 2003 judgment on Mora's claims for declaratory judgment and injunctive relief barred his mandamus claim.

{¶ 8} On July 8, 2004, the court of appeals granted appellees' motion and denied the writ.

{¶ 9} Mora initially asserts that the court of appeals abused its discretion by denying his motion to strike appellees' filings in the mandamus case. Mora moved to strike appellees' answer and motion for summary judgment because they were not captioned in the name of the state on his relation.

{¶ 10} "A trial court's decision to grant or deny a motion to strike will not be overturned on appeal absent a showing of abuse of discretion." *Samadder v. DMF of Ohio, Inc.*, 154 Ohio App.3d 770, 2003-Ohio-5340, 798 N.E.2d 1141, ¶ 17; see, also, *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 223, 631 N.E.2d 150. " 'Abuse of discretion' means unreasonable, arbitrary, or unconscionable." *State ex rel. Cranford v. Cleveland,* 103 Ohio St.3d 196, 2004-Ohio-4884, 814 N.E.2d 1218, ¶ 24.

{¶ 11} The court of appeals did not abuse its discretion in denying Mora's motion to strike. R.C. 2731.04 specifies that actions for a writ of mandamus must be brought "in the name of the state on the relation of the person applying." We have dismissed petitions for writs of mandamus when the actions were not so captioned, the respondents raised timely objections, and the relators failed to amend their petitions. *Litigaide, Inc. v. Lakewood Police Dept. Custodian of Records* (1996), 75 Ohio St.3d 508, 664 N.E.2d 521; see, also, *Blankenship v. Blackwell,* 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382, ¶ 34–37. R.C. 2731.04 and this precedent are inapplicable here because the alleged improper captioning was not on the petition. Moreover, there is no evidence that Mora was prejudiced by appellees' failure to properly caption their answer and motion for summary judgment. The court of appeals properly denied Mora's motion to strike.

{¶ 12} Mora next asserts that the court of appeals erred in relying on res judicata to deny his request for a writ of mandamus.

{¶ 13} "Under the doctrine of res judicata, '[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" *State ex rel. Denton v. Bedinghaus,* 98 Ohio St.3d 298, 2003-Ohio-861, 784 N.E.2d 99, ¶ 14, quoting *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus.

{¶ 14} In general, "[r]es judicata bars the litigation of all claims that either were or might have been litigated in a first lawsuit." *Hughes v. Calabrese,* 95 Ohio St.3d 334, 2002-Ohio-2217, 767 N.E.2d 725, ¶ 12. Unlike other judgments, however, "a declaratory judgment determines only what it actually decides and does not preclude other claims that might have been advanced." *State ex rel. Shemo v. Mayfield Hts.* (2002), 95 Ohio St.3d 59, 69, 765 N.E.2d 345; 1 Restatement of the Law 2d, Judgments (1982) 337, Section 33, Comment *c.*

{¶ 15} Res judicata barred Mora's mandamus claim because he had raised the same claim about the 15–year aggregate minimum prison term against Wilkinson in his previous common pleas court action for declaratory judgment and injunctive relief. In that prior case, Mora expressly requested that Wilkinson comply with the mandates of the common pleas court and the court of appeals. His mandamus claim makes the same request of Wilkinson and other ODRC employees in privity with Wilkinson.

{¶ 16} Therefore, appellees were entitled to summary judgment and denial of the writ based on res judicata.

{¶ 17} Finally, Mora waived his claim on appeal that the attachments to appellees' motion for summary judgment were not certified, because he failed to raise this objection in the court of appeals. See *State ex rel. Ross v. State,* 102

Ohio St.3d 73, 2004-Ohio-1827, 806 N.E.2d 553, ¶ 7. Accordingly, we affirm the judgment of the court of appeals. We also deny Mora's motion to strike appellees' merit brief.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———

Juan Mora, pro se.

Jim Petro, Attorney General, and Scott M. Campbell, Assistant Attorney General, for appellees.