OPINION
{¶ 1} Defendant-appellant Jack Troy Quinn ("Quinn") brings this appeal from the judgment of the Court of Common Pleas of Putnam County denying his motion to correct his sentence.
 {¶ 2} On January 25, 1990, Quinn was convicted of complicity to commit voluntary manslaughter and complicity to commit aggravated burglary. Quinn was sentenced to consecutive terms of ten to twenty-five years on each count. On March 1, 1990, Quinn filed an appeal. This court affirmed the conviction and sentence on January 30, 1992. On February 23, 204, Quinn filed a motion for a corrected sentencing error. The basis of the motion was that the sentence imposed by the trial court violated the mandates of R.C. 2929.41(E), which was in effect at that time. The trial court overruled the motion on November 15, 2004. Quinn appeals from this judgment and raises the following assignment of error.
The trial court committed reversible error when it overruled [Quinn's]motion for a corrected sentencing entry.
 {¶ 3} Quinn argues in his assignment of error that his sentence violates R.C. 2929.41(E). This statute, as in effect at the time of Quinn's sentencing stated as follows.
Consecutive terms of imprisonment imposed shall not exceed:
* * *
(2) An aggregate minimum term of fifteen years, plus the sum of allthree-year terms of actual incarceration imposed pursuant to [R.C. 2929.71]and the sum of all six-year terms of actual incarceration imposedpursuant to [R.C. 2929.72], when the consecutive terms imposed are forfelonies other than aggravated murder or murder.
R.C. 2929.41(E). The aggregate term of Quinn's sentence was a minimum of 20 years. He was not sentenced for murder or aggravated murder, so the sentence does violate the statute and the minimum sentence cannot exceed 15 years.
 {¶ 4} Although the sentence does violate the statute, this fact does not automatically entitle Quinn to a corrected sentencing entry. The statutory cap set by R.C. 2929.41(E) is self-executing so no trial entry is necessary. State ex rel. Hamann v. Ohio Dept. of Rehab. Corr.,96 Ohio St.3d 72, 2002-Ohio-3528, 771 N.E.2d 254. "[W]here a trial court's sentence exceeds the minimum established for consecutive terms, such judgment is not the basis of a reversible error, as the terms of [R.C. 2929.41(E)(2)] are self-executing, automatically operating to limit the aggregate minimum sentencing to fifteen years." State v. White
(1985), 18 Ohio St.3d 340, 341, 481 N.E.2d 596. Quinn should automatically receive the 15 year aggregate minimum sentence. Lillie v.Mathews, 12th Dist. No. CA2003-01-003, 2003-Ohio-4467 at ¶ 13. Therefore, the trial court did not err in denying Quinn's motion for a corrected sentencing entry. The assignment of error is overruled.
 {¶ 5} The judgment of the Court of Common Pleas of Putnam County is affirmed.
Judgment affirmed.
 Rogers and Shaw, JJ., concur.