[Cite as *Third Fed. S. & L. Assn. of Cleveland v. Pajany*, 2020-Ohio-2753.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| THIRD FEDERAL SAVINGS AND LOAN ASSOCIATION OF CLEVELAND | JUDGES: Hon. John W. Wise, P.J. Hon. Craig R. Baldwin, J. Hon. Earle E. Wise, Jr., J. |
| Plaintiff-Appellee | |
| -vs- | |
| | Case No. 19 CAE 12 0072 |
| PEROUMAL PAJANY, et al. | |
| Defendants-Appellants | O P I N I O N |


CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common Pleas, Case No. 19 CV E 08 0440


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    April 30, 2020


APPEARANCES:

For Plaintiff-Appellee          For Defendants-Appellants

ERIC T. DEIGHTON          PEROUMAL PAJANY, PRO SE
CARLISLE, MCNELLIE, RINI,          EZHILARASI MUNISAMY, PRO SE
KRAMER & ULRICH, CO., LPA          3758 Shallow Creek Drive
24755 Chagrin Blvd., Suite 200          Powell, Ohio  43065
Cleveland, Ohio  44112

*Wise, John, P. J.*

{¶1}    This matter is before the Court upon an appeal filed by Appellants Peroumal Pajany and Ezhilarasi Munisamy (collectively, "Pajany") from the Delaware County Court of Common Pleas. Mr. Pajany challenges the trial court's Judgment Entry issued on December 10, 2019 that granted Appellee, Third Federal Savings and Loan Association's Motion for Summary Judgment and Motion to Strike.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

{¶2}    This matter involves a foreclosure action. On August 12, 2019, Third Federal filed a Complaint against Mr. Pajany demanding judgment on a note and foreclosure of a mortgage. The Complaint sets forth Third Federal's interest in the note and mortgage that encumbered real property known as 3758 Shallow Creek Drive, Powell, Ohio 43065. On this same date, Third Federal also filed a Preliminary Judicial Report which indicated Mr. Pajany executed a mortgage with Third Federal that was recorded in Delaware County Ohio. It also indicated the mortgage had never been assigned.

{¶3}    Mr. Pajany filed an Answer on September 4, 2019. The Answer contains an admission that as of the Complaint's filing date the note is in default because Mr. Pajany made no mortgage payments since at least May 11, 2019. (Answer at ¶ 2) Thereafter, on September 25, 2019, Third Federal moved for summary judgment. Attached to Third Federal's motion was an affidavit from Michael Morris, a legal analyst employed by Third Federal, who opined that Third Federal possesses the note and mortgage; all conditions precedent have been satisfied; the loan is in default; and that a principal balance of

$230,275.15 is due and owing Third Federal on the note and mortgage. (Morris Affidavit at ¶¶ 4, 5, 7)

**{¶4}** Mr. Pajany filed a response to Third Federal's summary judgment motion on October 4, 2019, and attached 41 pages of unauthenticated and unverified documents identified as "Exhibits A through O." On October 10, 2019, Third Federal filed a Reply in support of its summary judgment motion and a motion seeking to strike Mr. Pajany's unauthenticated exhibits. Without leave of court, on October 14, 2019, Mr. Pajany filed a purported sur-reply again attaching the unauthenticated exhibits. On October 29, 2019, Third Federal filed a Final Judicial Report. Thereafter, Mr. Pajany filed a number of successive sur-replies without leave of court.

**{¶5}** On December 10, 2019, the trial court granted Third Federal's Motion for Summary Judgment and Motion to Strike Unauthenticated Exhibits. The trial court also noted in this same entry that Mr. Pajany lacked authority to file his sur-replies and indicated the sur-replies/affidavits would not be considered. On this same date, the trial court entered a Judgment Entry of Foreclosure.

**{¶6}** Mr. Pajany timely filed a notice of appeal and sets forth the following "Issues by Assignment of Error" for our consideration:

### ASSIGNMENTS OF ERROR

**{¶7}** "I. THE COURT ERRORED (SIC) IN GRANTING JUDGMENT ENTRY.

**{¶8}** "II. THE COURT ERRORED (SIC) IN GRANTING MOTION TO STRIKE EXHIBITS AND SUMMARY JUDGMENT.

**{¶9}** "III. THE COURT ERRORED (SIC) IN APPRAISAL AND ORDER OF SALE.

**{¶10}** "IV. THE COURT ERRORED (SIC) IN ANALYZING THE THIRD FEDERAL ACCOUNT FRAUD.

**{¶11}** "V. THE COURT ERRORED (SIC) IN ANALYZING THE THIRD FEDERAL HOME INSURANCE FRAUD.

**{¶12}** "VI. COURT ERRORED (SIC) IN ANALYZING THE EXHIBITS A THROUGH O.

**{¶13}** "VII. THE COURT ERRORED (SIC) TO ANALYZE MICAHEL G. MORRIS (SIC) FALSE AND FRAUDULENT AFFIDAVIT (PERJURY).

**{¶14}** "VIII. THE COURT ERRORED (SIC) TO ANALYZE THIRD FEDERAL RESPA VIOLATIONS.

**{¶15}** "IX. ERROR IN THIRD FEDERAL (SIC) FALSE FORECLOSURE CASE AND ITS IMPACT ON OUR FAMILY."

## ANALYSIS

**{¶16}** For the ease of addressing Mr. Pajany's nine assignments of error, those assigned errors that assert the same or similar arguments will be addressed simultaneously. It also appears the "Issues by Assignments of Errors" do not align as the arguments are presented in Mr. Pajany's brief so the assigned errors will also be addressed out of order.

### A. Applicable standards of review

**{¶17}** With regard to review of the trial court's summary judgment decision, this Court applies a de novo standard of review and reviews the evidence in the same manner as the trial court. *Smiddy v. Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). We will not give any deference to the trial court's decision. *Brown v. Scioto Cty.*

*Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). Under Civ.R. 56, a trial court may grant summary judgment if it determines: (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

**{¶18}** The party seeking summary judgment bears the burden of demonstrating no issues of material fact exist for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996), the Ohio Supreme Court set forth the applicable summary judgment standard:

> [A] party seeking summary judgment, on the grounds that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some *evidence* of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has

satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

**{¶19}** (Emphasis sic.)

**{¶20}** Finally, the record on summary judgment must be viewed in the light most favorable to the party opposing the motion. (Citation omitted.) *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151, 309 N.E.2d 924 (1974).

**{¶21}** With regard to the trial court's decision to strike Mr. Pajany's Exhibits A through O, we apply an abuse of discretion standard of review. *State ex rel. Ebbing v. Ricketts*, 133 Ohio St.3d 339, 2012-Ohio-4699, 978 N.E.2d 188, ¶ 13, citing *State ex rel. Dawson v. Bloom–Carroll Loc. School Dist.,* 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, ¶ 23. A court's ruling on a motion to strike will be not reversed on appeal absent an abuse of discretion. (Citations omitted.) *State ex rel. Mora v. Wilkinson,* 105 Ohio St.3d 272, 2005-Ohio-1509, 824 N.E.2d 1000, ¶ 10. A decision constitutes an abuse of discretion when it is unreasonable, arbitrary, or unconscionable. (Citation omitted.) *State ex rel. Striker v. Cline,* 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 11.

**{¶22}** With these applicable standards, we proceed to address Mr. Pajany's assignments of error.

### II, VI, VII

**{¶23}** We will address Mr. Pajany's Second, Sixth, and Seventh Assignments of Error simultaneously as they challenge the trial court's decision to strike Mr. Pajany's Exhibits A through O that he filed in support of his response to Third Federal's Motion for

Summary Judgment. After the trial court struck the exhibits, Mr. Pajany alleges he subsequently filed Civ.R. 56(C) evidence. He further maintains the trial court judge intentionally struck these exhibits "to cover up Third Federal's fraudulent, deceptive, unfair, and unethical practices and violations." (Appellants' Brief at 14) Assignments of Error Two and Seven also challenge the validity of Mr. Morris's affidavit.

**{¶24}** Mr. Pajany suggests he should be granted leniency because he is not an attorney and he "responded to all Third Federal motions by calling the court for clarification and direction." (Appellants' Brief at 13) The Ohio Supreme Court stated in *State ex rel. Gessner v. Vore*, 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 5 that "*pro se* litigants* * * must follow the same procedures as litigants represented by counsel." (Citation omitted.) In *St. Joseph's Hosp. v. Hoyt,* 4th Dist. Washington No. 04CA20, 2005–Ohio–480, the Fourth District Court of Appeals expanded on this concept noting:

> [T]he pro se litigant is to be treated the same as one trained in the law as far as the requirement to follow procedural law and the adherence to court rules. If the courts treat pro se litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel.

**{¶25}** *Id.* at ¶ 27*,* quoting *Justice v. Lutheran Social Servs.,* 10th Dist. Franklin No. 92AP–1153, 1993 WL 112497, *2 (Apr. 8, 1993).

**{¶26}** Thus, Mr. Pajany was under the same obligation, as any attorney would be, to comply with the mandates of Civ.R. 56(C).[1] However, the trial court found Mr. Pajany's Exhibits A through O were "inadmissible, unauthenticated, and, unsupported by a suitable affidavit[.]" (Judgment Entry, Dec. 10, 2019, at 5) These exhibits consisted of: payment information with HUD (Exhibit A); insurance fraud (Exhibit B); government agencies response to Third Federal scam (Exhibit C); Third Federal gang's murder attack (Exhibit D); Donald R. Kenney's gangsters and beer-guy claiming home (Exhibit E); Donald R. Kenney and Brad Terman frauds (Exhibit F); CFPB system restriction (Exhibit G); Third Federal's false report to the government (Exhibit H); Pajany responses to Third Federal (Exhibit I); Ezhilarasi Munisamy health condition (Exhibit J); obstruction of justice (Exhibit K); account missing in the IRS (Exhibit L); Capgemini federal cases (Exhibit M); August 2018 through April 30, 2019 payment (Exhibit N); and Third Federal murder attempt (Exhibit O). (Appellants' Brief at 15-16).

**{¶27}** Civ.R. 56(C) identifies the type of evidence that may be considered by the trial court for purposes of summary judgment motions. This evidence includes, "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." In fact, the rule further provides: "No evidence or stipulation may be considered except as stated in this rule." *See Green v. B.F. Goodrich Co.,* 85 Ohio App.3d 223, 227, 619 N.E.2d 497 (9th Dist.1993).

---

[1] Mr. Pajany also failed to follow this Court's Loc.App.R. 9(B) and instead filed a brief that exceeds 30 pages, without leave of this Court. He also did not comply with App.R. 16(A)(7) by failing to set forth an argument with respect to each assignment of error "and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which" he relies. Nonetheless, the Court will address the arguments presented in Mr. Pajany's brief.

**{¶28}** This Court has previously held that uncertified documents need to be attached to an affidavit in order to be considered at the summary judgment stage. *Hmeidan v. Muheisen*, 5th Dist. Stark No. 2017CA00069, 2017-Ohio-7670, ¶ 32, citing *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981). Further, the proper manner for introducing evidentiary material not specifically authorized by Civ.R. 56(C) is to incorporate the material by reference into a properly framed affidavit. *Worldwide Asset Purchasing, L.L.C. v. Sandoval*, 5th Dist. Stark No. 2007-CA-00159, 2008-Ohio-6343, ¶ 23. Sworn or certified copies of all papers filed in support of or in opposition to a motion for summary judgment must be accompanied by an affidavit swearing that the matters contained within the document were made on the affiant's personal knowledge. *Id.* at ¶ 24. The failure to authenticate a document submitted on summary judgment renders the document void of evidentiary value. *Id.*

**{¶29}** Here, Mr. Pajany's Exhibits A through O were not evidentiary material recognized under Civ.R. 56(C). Therefore, these exhibits needed to be incorporated and authenticated in a proper affidavit. However, they were not and the trial court therefore did not abuse its discretion in striking Mr. Pajany's Exhibits A through O. In an attempt to correct his failure to comply with Civ.R. 56, Mr. Pajany filed numerous, consecutive sur-reply briefs without leave of court. This Court has previously held that a non-movant in a summary judgment proceeding must seek leave of court before filing a sur-reply. *Edwards v. Perry Twp. Bd. of Trustees*, 5th Dist. Stark No. 2015CA00107, 2016-Ohio-5125, ¶ 10 citing *Bank of New York Mellon v. Crates*, 5th Dist. Licking No. 15-CA-70, 2016-Ohio-2700, ¶ 22. Mr. Pajany never sought leave of court to file his numerous sur-replies. As

such, the trial court was under no obligation to consider these sur-replies in ruling on Third Federal's summary judgment motion.

**{¶30}** With regard to the trial court's grant of summary judgment, in his Second Assignment of Error, Mr. Pajany contends Third Federal "started a false and wrong foreclosure case with the false and fraudulent July 12, 2019 default notice to cover up its violations and crimes." (Appellants' Brief at 15) Mr. Pajany claims his mortgage was current as of May 11, 2019, and the amount of default alleged by Third Federal, $29,403.38, is a false and fabricated amount. (*Id.* at 14.) Mr. Pajany also asserts that Mr. Morris's affidavit is "false" and "fraudulent" and that Mr. Morris committed perjury (*Id.* at 14-15) Finally, Mr. Pajany contends Third Federal committed account fraud and insurance fraud and violated the Real Estate Settlement Procedures Act ("RESPA"). (*Id.* at 15).

> [T]o properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) all conditions precedent have been met; (4) the mortgagor is in default; and (5) the amount of principal and interest due.

**{¶31}** *Wachovia Bank of Delaware, N.A. v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203, ¶¶ 40-45.

**{¶32}** Here, Third Federal satisfied these requirements with the Civ.R. 56(C) evidence it submitted in support of its summary judgment motion. This evidence included the affidavit of Mr. Morris, the pleadings and the Preliminary and Final Judicial Reports.

This evidence establishes Third Federal is the holder of the note (Morris Affidavit at ¶¶ 3, 4). Third Federal is also the holder of the mortgage. (*See* Preliminary and Final Judicial Reports and Morris Affidavit at ¶ 3.) These reports are the evidence or record title required by R.C. 2329.191 and Delaware County Loc.R. 38.01. Further, Mr. Pajany is in default on the note by failing to make payments. (Morris Affidavit at ¶ 6) All conditions precedent have been satisfied and the notice of default was mailed by first class mail to Mr. Pajany on June 12, 2019. (*Id.* at ¶ 5) Mr. Morris established the amount due and owing Third Federal is the principal sum of $230,275.15 plus interest at the rate of 2.79% from August 1, 2018, along with advances. (Morris Affidavit at ¶ 7)

**{¶33}** Based on this evidence, the trial court did not err when it granted Third Federal's summary judgment motion. Third Federal's evidence in support of its summary judgment motion satisfies the evidentiary quality materials required to obtain summary judgment in a foreclosure action. Mr. Morris's affidavit and the accompanying documents and pleadings established no genuine issue of material fact exists, shifting the burden to Mr. Pajany to supply specific facts showing there was a genuine issue for trial. *See Dresher,* 75 Ohio St.3d at 293, 662 N.E.2d 264. We acknowledge the fact that Mr. Pajany attempted to do so by filing Exhibits A through O with his Response to Third Federal's summary judgment motion. However, for the reasons discussed above, the trial court properly struck these exhibits and did not consider them in addressing Third Federal's motion.

**{¶34}** Mr. Pajany also attacks the validity of Mr. Morris's affidavit in both his Second and Seventh Assignments of Error. In his Seventh Assignment of Error, Mr. Pajany claims the statements made by Mr. Morris, in his affidavit, are "false and

fabricated" and Mr. Pajany again asserts that Mr. Morris committed perjury. However, the affidavit is properly notarized. Mr. Morris opines that he is familiar with and has access to the records and the records were made or maintained in the regular and usual course of business. (*Id.* at ¶¶ 1,2) Mr. Morris also indicates the records were made at or near the time by, or from information from, a person with knowledge of the transactions. (*Id.* at ¶ 2) Mr. Morris's affidavit demonstrates Mr. Pajany is in default on the note and that all conditions precedent have been satisfied. (*Id.* at ¶¶ 5, 6) Finally, Mr. Morris indicates the amount of principal and interest due and owing. (*Id.* at ¶ 7)

**{¶35}** Further, the trial court specifically found that Mr. Morris's affidavit is "sufficient under Ohio law." (Judgment Entry, Dec. 10, 2019, at 9) The trial court also determined Mr. Morris's affidavit is a proper business records exception to the general hearsay rule. (*Id.* at 8). Evid.R. 803(6) provides that records of regularly conducted business activity are admissible, as an exception to the hearsay rule, if shown to be such "by the testimony of the custodian or other qualified witness." Further, this Court explained in *Nationstar Mortg., L.L.C. v. Williams*, 5th Dist. Delaware No. 14 CAE 04 0029, 2014-Ohio-4553, ¶ 15, the question of who may lay a foundation for the admissibility of business records as a custodian or other qualified witness must be answered broadly. "It is not a requirement that the witness have firsthand knowledge of the transaction giving rise to the business record. (Citation omitted.) *Id.*

> Rather, it must be demonstrated that: the witness is sufficiently familiar with the operation of the business and with the circumstances of the record's preparation, maintenance and retrieval, that he can reasonably testify on the basis of this knowledge that the record is what it purports to

be, and that it was made in the ordinary course of business consistent with the elements of Rule 803(6).

**{¶36}** *Id.*, quoting *Citimortgage, Inc. v. Cathcart*, 5th Dist. Stark No. 2013CA00179, 2014-Ohio-620, ¶ 28.

**{¶37}** We do not find Mr. Morris's affidavit to be perjured testimony. Mr. Morris is employed as a legal analyst for Third Federal and he possesses sufficient knowledge regarding how Third Federal's business records are created and maintained. (Morris Affidavit at ¶¶ 1, 2, 3) Mr. Morris further averred the statements made in his affidavit were based on his personal knowledge and his review of Third Federal's business records as it pertains to the note, mortgage, master mortgage, notice of default, and the loan payment history. (*Id.*) This Court has previously determined that such affidavits are sufficient to qualify as an exception to the hearsay rule, under Evid.R. 803(6), as business documents. *See Nationstar Mortg.* at ¶ 18, citing *OneWest Bank, FSB v. Albert*, 5th Dist. Stark No. 2013CA00180, 2014-Ohio-2158 and *Citimortgage, Inc.* at ¶ 29.

**{¶38}** Finally, Mr. Pajany's Sixth Assignment of Error alleges the trial court erred in analyzing Exhibits A though O. We have reviewed Mr. Pajany's brief and there is no separate argument set forth in the brief as to this particular assignment of error. For that reason, we have included this assignment of error in our discussion of Assignment of Error Two and based on the reasons explained in response to Mr. Pajany's Second Assignment of Error, we find the trial court properly analyzed Exhibits A through O.

**{¶39}** Mr. Pajany's Second, Sixth, and Seventh Assignments of Error are overruled.

I

**{¶40}** In his First Assignment of Error, Mr. Pajany argues the trial court's Judgment Entry is "improper and wrong." (Appellants' Brief at 12) He bases this argument on the fact that there was no general verdict by a jury, no decision announced, and no determination of a reasonable payment option. Mr. Pajany also maintains discovery was not open and he did not see the trial court judge. He further asserts that his account was current as of May 11, 2019, that payments were made for August, September, and October of 2018, and he allegedly had a "zero payment arrangement" from November 2018 through April 30, 2019 because of the EEOC case. (Appellants' Brief at 12-13)

**{¶41}** As discussed above, Mr. Pajany did not properly submit his Civ.R. 56 evidence for consideration by the trial court and the court properly struck this evidence. Once that occurred, the only evidence rebutting Third Federal's summary judgment motion were the allegations contained in his Answer and Response to the summary judgment motion. These allegations lacked any evidentiary support as required by Civ.R. 56(C). As such, the trial court properly granted summary judgment in favor of Third Federal since Mr. Pajany produced no evidence raising a genuine issue of material fact for trial.

**{¶42}** Mr. Pajany's First Assignment of Error is overruled.

#### IV, V, VIII

**{¶43}** We will address Mr. Pajany's Fourth, Fifth, and Eighth Assignments of Error collectively. In his Fourth Assignment of Error Mr. Pajany alleges the trial court erred in analyzing Third Federal's account fraud. In his Fifth Assignment of Error, Mr. Pajany contends the trial court erred in analyzing Third Federal's home insurance fraud. Mr.

Pajany's Eighth Assignment of Error claims the trial court erred in analyzing Third Federal's RESPA violations.

**{¶44}** The trial court addressed these allegations contained in Mr. Pajany's Answer as affirmative defenses. (Judgment Entry, Dec. 10, 2019, at 2) With regard to his affirmative defense of account fraud, Mr. Pajany states he was current on his loan payments and Third Federal falsely issued a default notice on June 12, 2019, stating he did not make any mortgage payments since August of 2018. (Appellants' Brief at 17) Mr. Pajany maintains this notice was false and fraudulent. (*Id.*) Mr. Pajany references Exhibits A, N, and A12 in support of his account fraud arguments. However, these exhibits were properly stricken. Therefore, Mr. Pajany has no evidence to support his affirmative defense of account fraud.

**{¶45}** Mr. Pajany's Fifth Assignment of Error concerned an affirmative defense of insurance fraud. This defense addressed the fact that Third Federal was aware of insurance cancellation on his residence, but Third Federal failed to notify him or inform him that someone else was paying his home insurance from November 2018 through July 15, 2019. (*Id.* at 18). Mr. Pajany cites Exhibit B in support of this argument. Again, this exhibit was properly stricken by the trial court. Thus, Mr. Pajany has no evidence to support this affirmative defense. Further, we do not see how this defense impacts the foreclosure action filed against Mr. Pajany.

**{¶46}** In his Eighth Assignment of Error, Mr. Pajany contends the trial court erred when it analyzed Third Federal's RESPA violations. Mr. Pajany's RESPA violations are allegedly based on: (1) Third Federal's account fraud; (2) Third Federal's home insurance fraud; and (3) Third Federal's failure to act in good faith. (*Id.* at 30) In support of these

defenses, Mr. Pajany makes a number of unsupported allegations against Third Federal and extensively discusses how Third Federal's conduct impacted his family. (*Id.* at 30-31) None of these allegations are supported by any evidence. Therefore, the trial court properly granted summary judgment finding no merit as to this affirmative defense.

**{¶47}** Mr. Pajany's Fourth, Fifth, and Eighth Assignments of Error are overruled.

**III**

**{¶48}** Mr. Pajany makes a single sentence argument in support of his Third Assignment of Error maintaining "there were errors in the Judgment Entry, Judgment Summary, and Motion to Strike, Judge ordered the Delaware Sheriff to appraise and sell my home is wrong." (*Id.* at 16) Mr. Pajany appears to be challenging the trial court's appraisal and Order of Sale.

**{¶49}** Mr. Pajany has not sufficiently briefed or argued this issue for us to address it. *See Chem. Bank of New York v. Neman*, 52 Ohio St.3d 204, 207, 556 N.E.2d 490 (1990). We do not know on what basis Mr. Pajany challenges the Order of Sale and Order of Appraisal. App.R. 16(A)(7) requires a brief to contain "the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Mr. Pajany's argument on page 16 of his brief fails to satisfy App.R. 16(A)(7) and the Court has no basis upon which to consider and address this assignment of error.

**{¶50}** Mr. Pajany's Third Assignment of Error is overruled.

## IX

**{¶51}** Mr. Pajany asserts in his Ninth Assignment of Error that Third Federal had a false foreclosure case and it negatively impacted his family. As discussed above, we concluded based on a de novo review of the record the trial court properly granted Third Federal's summary judgment motion foreclosing on the property. Mr. Pajany has no evidence in the record evidencing otherwise. Further, the Court acknowledges the impact the foreclosure action had upon Mr. Pajany's family, but there is nothing in the trial court's record to indicate this matter was handled improperly.

**{¶52}** Mr. Pajany's Ninth Assignment of Error is overruled.

**{¶53}** For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is affirmed.

By: Wise, John, P. J.

Baldwin, J., and

Wise, Earle, J., concur.

JWW/d 0427