[Cite as *Ranazzi v. Fire Recovery USA, L.L.C.*, 2023-Ohio-3281.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Andrew Ranazzi

      Appellant

v.

Fire Recovery USA, LLC

      Appellee

Court of Appeals No.  L-23-1024

Trial Court No.  CVE 2210031

**DECISION AND JUDGMENT**

Decided:  September 15, 2023

* * * * *

Andrew Ranazzi, Pro se.

Taylor R. Ward, for appellee.

* * * * *

**OSOWIK, J.**

**{¶ 1}** This is an appeal of a January 30, 2023 judgment of the Sylvania Municipal Court, Lucas County, Ohio, granting appellee's motion for summary judgment, and denying appellant's motion to strike the summary judgment supporting affidavits. Appellant filed no brief in opposition to appellee's motion for summary judgment. For the reasons set forth below, this court affirms the judgment of the trial court.

**{¶ 2}** This case arises from an October 5, 2021 motor vehicle accident between appellant and another vehicle in Pittsfield Township, Michigan ("Pittsfield"). Following the accident, State Farm, appellant's insurer, received a $435 emergency services cost recovery claim from Pittsfield for reimbursement of the costs of fire department services incurred by Pittsfield as a result of the collision. State Farm allowed $250 of the $435 claim, and tendered payment in that amount. This appeal centers upon the $185 residual balance following the insurance payment.

**{¶ 3}** Pro se appellant, Andrew Ranazzi, sets forth the following three assignments of error:

I. The Trial Court erred in granting appellee's motion for summary judgment without allowing appellant to respond or file his opposition to it.

II. The Trial Court erred in granting appellee's motion for summary judgment [given] Judge Bonfiglio's prior decision [].

III. The Trial Court erred in denying appellant's motion to strike [].

**{¶ 4}** The following undisputed facts are relevant to this appeal. On October 5, 2021, appellant backed his motor vehicle out of a driveway in Pittsfield and into the path of oncoming traffic, resulting in an accident.

**{¶ 5}** A Pittsfield fire department crew was dispatched to the accident scene to secure it, evaluate and furnish any needed medical care, evaluate and furnish any needed site cleanup, and conduct an investigation. The report generated by the fire department

2.

reflects that, upon arrival at the accident scene, they attempted to examine appellant for medical injuries. Appellant refused to undergo a medical examination or treatment. In response, a refusal form was provided to appellant and executed by him. In addition, the fire department performed a site assessment to determine if any hazardous materials or liquids had spilled during the collision that needed to be cleaned up. It was determined that no such spillage occurred.

{¶ 6} On October 14, 2021, in conformity with a Pittsfield ordinance, State Farm received a $435 claim on behalf of Pittsfield. State Farm allowed the claim, and tendered a payment of $250 to Pittsfield. Appellant later received a statement requesting payment of the $185 remaining balance from appellee, Pittsfield's third-party billing administrator.

{¶ 7} The record reflects that appellant denied financial responsibility and refused to tender payment. On April 13, 2022, appellee sent a demand letter to appellant. On April 28, 2022, in response to the demand letter, appellant filed a complaint in Sylvania Municipal Court, alleging that he sustained $6,000 in damages as a result of appellee's pursuit of the $185 balance.

{¶ 8} In the complaint, appellant alleged that, "[N]o Pittsfield fire department personnel appeared to be on the scene nor did they render assistance to anyone." However, the record irrefutably reflects that fire department personnel were dispatched to the scene, secured the scene, offered medical assistance, obtained an executed refusal form from appellant, and performed a site assessment regarding cleanup. The fire

3.

department crash report reflected that, "[Fire Department truck] T10-1 parked to protect the scene and went to check for injuries and hazards * * * crew members obtained signed refusal [from appellant] * * * T10-1 blocked traffic until released by Pittsfield Police, returning to in-service at that time. At fault information, according to police: [Appellant]."

{¶ 9} Appellant alleged that as a result of appellee's demand for payment of the $185 balance he, "suffered damages in the form of having increased insurance costs, as well as a threat to his credit rating." The record is devoid of evidence demonstrative of these claims.

{¶ 10} On May 6, 2022, appellee's CFO submitted correspondence to the trial court requesting that the case be dismissed. Given that a motion to dismiss had not been properly filed, as conceded by appellee, the case was not dismissed.

{¶ 11} On November 14, 2022, appellee filed a motion for summary judgment. In support of the motion for summary judgment, appellee attached the supporting affidavits of Lt. Yurkunas ("Yurkunas"), the fire department member who was dispatched to the accident scene and offered assistance to appellant, and the affidavit of his superior, Fire Chief Gleason ("Gleason"). Appellee emphasized in support of summary judgment that appellant's principal claim in the complaint, that the fire department did not respond to the scene or provide services, was contrary to the record of evidence, including the crash report, photographs, and supporting affidavits.

4.

{¶ 12} Appellant did not file a brief in opposition to appellee's motion for summary judgment. Rather, appellant filed a motion for an extension of time, accompanied by a motion to strike, setting forth unsupported claims that the two affidavits submitted by the above-referenced fire department members were not based upon their personal knowledge and were, therefore, improper. The trial court was not persuaded.

{¶ 13} On January 30, 2023, the trial court denied appellant's motion to strike and granted appellee's motion for summary judgment. The trial court determined in relevant part,

> There is no credible evidence that * * * Pittsfield Fire Department did not appear at the scene of plaintiff's accident to render aid. Plaintiff's claim to that effect is totally without merit. Plaintiff presents no evidence * * * that the charge of $185 for services rendered is excessive. Plaintiff's motion to strike the affidavits [of Lt. Yurkunas and Chief Gleason] is found not well taken * * * [D]efendant's motion for summary judgment is granted.

This appeal ensued.

{¶ 14} Appellant's first two assignments of error are premised upon the position that the trial court erred in granting appellee's motion for summary judgment. Accordingly, they will be considered simultaneously.

5.

{¶ 15} It is well-established that an appellate court reviews a disputed trial court summary judgment determination utilizing the same standard as that used by the trial court. Summary judgment will be granted if the movant demonstrates that there is no genuine issue of material fact, and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *Lorain Natl. Banl v. Saratoga Apts.*, 61 Ohio App3d. 127, 572 N.E.2d 198 (9th Dist. 1989). Civ.R. 56(C).

{¶ 16} In support of the claim that the trial court erred in granting summary judgment to appellee, appellant alleges that, "Both affidavits * * * have impermissible hearsay * * * neither is germane to the proceedings nor within the personal knowledge of any of the affiants." The record of evidence does not comport with appellant's position.

{¶ 17} Civ.R. 56(E) establishes that, "Affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." In conjunction, the Ohio Supreme Court determined in *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 26, "The personal knowledge standard requirement in Civ.R. 56(E) tracks the personal knowledge standard of Evid.R. 602 covering lay witness testimony at trial."

{¶ 18} In applying the above-discussed legal parameters for proper summary judgment supporting affidavits, this court held in *Fed. Natl. Mtge. Assn. v. Brunner*,

6.

2013-Ohio-128, 986 N.E.2d 565, ¶ 12 (6th Dist.), "The foundation for personal knowledge may be furnished by the witness's own testimony.  Evid.R. 602.  A mere assertion of personal knowledge satisfies Civ.R. 56(E) if the nature of the facts in the affidavit, combined with the identity of the affiant, creates a reasonable inference that the affiant has personal knowledge of the facts."

{¶ 19} The affidavit of Yurkunas sets forth that the affiant, in his capacity as an on-duty  fire lieutenant with Pittsfield on the day and time of appellant's accident, was dispatched to the accident scene to secure it, assess it, and to provide medical and cleanup services.  He further attests to his direct observations upon arrival at the scene, and the actions that he took in response to his observations.  Lastly, he attests that he drafted the crash report documenting the accident.

{¶ 20} Next, the affidavit of Gleason sets forth that the affiant, in his capacity as Pittsfield's fire chief, reviewed the reports prepared by Yurkunas related to this case, and based upon that review, he was familiar with the actions taken by the fire department in response to the accident.  In addition, as the Pittsfield fire chief, he further attests to his personal knowledge of, and experience with, department policies and practices, including the post-collision third-party administrative cost recovery billing process underlying this case.

{¶ 21} In accord with Civ.R. 56(E), *Bonacorsi*, and *Fed. Natl. Mtge. Assn.*, as regards to appellant's claim that the affidavits were not based upon personal knowledge

7.

and were improper, we find that the nature of the facts set forth in the affidavits, combined with the identity of the affiants, creates a reasonable inference that the affiants had personal knowledge of the facts. Accordingly, the affidavits were not improper.

{¶ 22} Based upon our de novo review, we find that reasonable minds can only conclude that appellee furnished credible, unrefuted evidence reflecting that Pittsfield fire department personnel were dispatched to, and performed emergency services at, appellant's crash scene. Appellant furnished no evidence of impropriety in connection to appellee's emergency services cost recovery effort. The trial court did not err in granting summary judgment to appellee. Appellant's first and second assignments of error are found not well-taken.

{¶ 23} In appellant's third assignment of error, appellant similarly contends that the trial court erred in denying appellant's motion to strike appellee's summary judgment supporting affidavits. We do not concur.

{¶ 24} As this court held in *Bliss v. Johns Manville*, 172 N.E. 3d 1146, 2021-Ohio-1673, ¶ 16 (6th Dist.), "A trial court's decision to deny a motion to strike will not be overturned absent an abuse of discretion. *Bank of Am., N.A. v. Hizer*, 6th Dist. Lucas No. L-13-1035, 2013-Ohio-4621, ¶ 16, citing *State ex. rel. Mora v. Wilkinson*, 105 Ohio St.3d 272, 2005-Ohio-1509, 824 N.E.2d 1000, ¶ 10. Abuse of discretion means that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Wilkinson* at ¶ 10."

8.

{¶ 25} In support of the third assignment of error, appellant again asserts that, "[T]hese affidavits both fail because neither of the affiants have any personal knowledge of the accident."

{¶ 26} As discussed in detail above, the record reflects that the nature of the facts set forth in the affidavits, in combination with the identity of the affiants, created a reasonable inference that the affiants had personal knowledge of those facts, in conformity with Civ.R. 56(E), *Bonacorsi*, and *Fed. Natl. Mtge. Assn.* Accordingly, no basis for striking the affidavits was manifest. Appellant has not demonstrated that the trial court's denial of the motion to strike the affidavits was unreasonable, arbitrary, or unconscionable. Wherefore, we find appellant's third assignment of error not well-taken.

{¶ 27} On consideration whereof, the judgment of the Sylvania Municipal Court is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
                                        JUDGE

Gene A. Zmuda, J.
CONCUR.

_____
                                        JUDGE

Christine E. Mayle, J.
CONCURS IN JUDGMENT
ONLY.

_____
                                        JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.